# LIBERTARIAN PARTY

*BYLAWS, CONVENTION SPECIAL RULES, AND JUDICIAL COMMITTEE RULES OF APPELLATE PROCEDURE*



**ADOPTED IN CONVENTION JULY 2020, ORLANDO, FLORIDA AND VIA ZOOM WITH STYLE CORRECTIONS ADOPTED SEPTEMBER 12, 2020**

EXHIBIT 5

*Bylaws of the Libertarian Party* ............................................................................................... 3

    **ARTICLE 1: NAME** ............................................................................................................................ 3

    **ARTICLE 2: PURPOSES** .................................................................................................................... 3

    **ARTICLE 3: STATEMENT OF PRINCIPLES AND PLATFORM** .................................................................. 3

    **ARTICLE 4: MEMBERSHIP** ............................................................................................................... 3

    **ARTICLE 5: AFFILIATE PARTIES** ....................................................................................................... 3

    **ARTICLE 6: OFFICERS** ..................................................................................................................... 4

    **ARTICLE 7: NATIONAL COMMITTEE** ................................................................................................ 5

    **ARTICLE 8: JUDICIAL COMMITTEE** .................................................................................................. 6

    **ARTICLE 9: FINANCE AND ACCOUNTING** ........................................................................................ 7

    **ARTICLE 10: CONVENTIONS** ........................................................................................................... 7

    **ARTICLE 11: OTHER COMMITTEES** ................................................................................................. 9

    **ARTICLE 12: MEETINGS** .................................................................................................................. 9

    **ARTICLE 13: ELECTRONIC MAIL BALLOTS** ......................................................................................10

    **ARTICLE 14: PRESIDENTIAL AND VICE-PRESIDENTIAL CAMPAIGNS** .................................................10

    **ARTICLE 15: ALTERNATIVE VOTING PROCEDURES** .........................................................................10

    **ARTICLE 16: PARLIAMENTARY AUTHORITY** ...................................................................................10

    **ARTICLE 17: AMENDMENT** ...........................................................................................................11

    **ARTICLE 18: PROMULGATION OF BYLAWS** ...................................................................................11

*Convention Special Rules of Order of the Libertarian Party* .......................................................12

    **RULE 1: ORDER OF BUSINESS** .......................................................................................................12

    **RULE 2: VOTING PROCEDURE AND MOTIONS** ...............................................................................12

    **RULE 3: POLLING PROCEDURE** ......................................................................................................12

    **RULE 4: DEBATING AND VOTING -- BYLAWS AND RULES** ...............................................................12

    **RULE 5: DEBATING AND VOTING -- PLATFORM** .............................................................................13

    **RULE 6: RESOLUTIONS** ..................................................................................................................14

    **RULE 7: NOMINATION OF PRESIDENTIAL AND VICE-PRESIDENTIAL CANDIDATES** ...........................14

    **RULE 8: ELECTION OF OFFICERS AND NATIONAL COMMITTEE** ......................................................14

    **RULE 9: ELECTION OF JUDICIAL COMMITTEE** ................................................................................15

    **RULE 10: VERIFICATION OF DELEGATION VOTE TOTALS** ................................................................15

*Judicial Committee Rules of Appellate Procedure* ....................................................................16

# Bylaws of the Libertarian Party

**ARTICLE 1: NAME**

These articles shall govern the association known as the "Libertarian Party," hereinafter referred to as the "Party."

**ARTICLE 2: PURPOSES**

The Party is organized to implement and give voice to the principles embodied in the Statement of Principles by:
1. functioning as a libertarian political entity separate and distinct from all other political parties or movements;
2. electing Libertarians to public office to move public policy in a libertarian direction;
3. chartering affiliate parties throughout the United States and promoting their growth and activities;
4. nominating candidates for President and Vice-President of the United States, and supporting Party and affiliate party candidates for political office; and
5. entering into public information activities.

**ARTICLE 3: STATEMENT OF PRINCIPLES AND PLATFORM**

1. The Statement of Principles affirms that philosophy upon which the Libertarian Party is founded, by which it shall be sustained, and through which liberty shall prevail. The enduring importance of the Statement of Principles requires that it may be amended only by a vote of 7/8 of all registered delegates at a regular convention.
2. The Party platform shall include, but not be limited to, the Statement of Principles and the implementation of those principles in the form of planks.
3. The current platform shall serve as the basis of all future platforms. The existing platform may be amended only at regular conventions. A platform plank may be deleted by majority vote. New planks or amendments to existing planks require a 2/3 vote.

**ARTICLE 4: MEMBERSHIP**

1. Members of the Party shall be those persons who have certified in writing that they oppose the initiation of force to achieve political or social goals.
2. The National Committee may offer life memberships and must honor all prior and future life memberships.
3. The National Committee may create other levels of membership and shall determine the contribution or dues levels for such memberships.
4. "Sustaining members" are members of the Party who:
    a. During the prior 12 months have donated, or have had donated on their behalf, an amount of at least $25; or
    b. Are Life members.

**ARTICLE 5: AFFILIATE PARTIES**

1. No person, group, or organization may use the name "Libertarian Party" or any confusingly similar designation except the Party or an organization to which the Party grants affiliate party status or as otherwise provided in these bylaws.
2. The National Committee shall charter state-level affiliate parties from any qualifying organization requesting such status in each state, territory, and the District of Columbia (hereinafter, state). Organizations which wish to become state-level affiliate parties shall apply for such status on a standard petition form as adopted by the National Committee, which petition shall be signed by no fewer than ten members of the Party residing in the appropriate state. Affiliate party status

     shall be granted only to those organizations which adopt the Statement of Principles and file a copy of their constitution and/or bylaws with the Party Secretary.

3. There shall be no more than one state-level affiliate party in any one state. Each state-level affiliate party shall, in accordance with its own bylaws and these bylaws, determine who shall be its delegates to all regular conventions. A state-level affiliate party may charter sub-affiliate parties within the state, which will entitle such sub-affiliates to use the name "Libertarian Party."
4. No affiliate party shall endorse any candidate who is a member of another party for public office in any partisan election. No affiliate party shall take any action inconsistent with the Statement of Principles or these bylaws.
5. The autonomy of the affiliate and sub-affiliate parties shall not be abridged by the National Committee or any other committee of the Party, except as provided by these bylaws.
6. The National Committee shall have the power to revoke the status of any affiliate party, for cause, by a vote of 3/4 of the entire National Committee. A motion to revoke the status of an affiliate party for cause must specify the nature of the cause for revocation. The affiliate party may challenge the revocation of its status by written appeal to the Judicial Committee within 30 days of receipt of notice of such revocation. Failure to appeal within 30 days shall confirm the revocation and bar any later challenge or appeal. The National Committee shall not revoke the status of any affiliate party within six months prior to a regular convention. The Judicial Committee shall set a date for hearing the appeal within 20 to 40 days of receipt of the appeal and shall notify all interested persons, which persons shall have the right to appear and submit evidence and argument. At the hearing the burden of persuasion shall rest upon the appellant. The Judicial Committee shall either affirm the National Committee's revocation of affiliate party status or order reinstatement of the affiliate party. The Judicial Committee shall issue its ruling within 30 days of the hearing and in no case later than 90 days prior to a regular convention. Failure of the Judicial Committee to rule within 30 days shall constitute an affirmation of the National Committee's revocation of affiliate party status except when the last day of the 30 day period falls within 90 days prior to a regular convention, in which case the Judicial Committee's non-action shall result in reinstatement of affiliate party status.

### ARTICLE 6: OFFICERS

1. The officers of the Party shall be:
    - Chair,
    - Vice-Chair,
    - Secretary, and
    - Treasurer.
    
    All of these officers shall be elected by a regular convention of the Party, shall take office immediately upon the close of the convention and shall serve thereafter until the final adjournment of the next regular convention. No person shall serve as an officer who is not a sustaining member of the Party.
2. No offices shall be combined.
3. The Chair shall preside at all conventions and all meetings of the National Committee. The Chair is the chief executive officer of the Party with full authority to direct its business and affairs, including hiring and discharging of National Committee volunteers and paid personnel, subject to express National Committee policies and directives issued in the exercise of the National Committee's plenary control and management of Party affairs, properties and funds.
4. The Vice-Chair shall be the chief assistant to the Chair, performing such duties as the Chair shall prescribe, and holding such executive powers as the Chair shall delegate and shall perform the duties of the Chair in the event that the Chair is, for any reason, unable to perform the duties of the office.
5. The Secretary shall be the recording officer of the Party and shall perform such duties as are assigned by the Chair or the National Committee. The Secretary shall attend all meetings of the National Committee and all Party conventions and shall act as Secretary thereof, keeping such minutes and records as necessary.
6. The Treasurer shall receive, expend, and account for the funds of the Party under the supervision and direction of the Chair and the National Committee. The Treasurer shall make an annual

    financial report to the National Committee and shall perform all duties required of the office by applicable federal and state law. The Treasurer is responsible for oversight of all financial functions, including, but not limited to receipts, disbursements, internal and external reporting. The Treasurer shall report to the National Committee and the convention both the financial situation of the Party and the results of its activities. The report of the Treasurer to the convention, specified in Convention Rule 1 agenda item 4, shall include an independent auditor's report opining whether the financial statements present fairly, in all material respects, the financial position of the Party and the changes in its net assets and its cash flow for the years then ended, in conformity with accounting principles generally accepted in the United States of America. Unaudited interim financial statements shall also be presented. Such reports shall be made available to every delegate.

7. The National Committee may, for cause, suspend any officer by a vote of 2/3 of the entire National Committee, excepting the officer that is the subject of the vote who may not participate in that vote. The suspended officer may challenge the suspension by an appeal in writing to the Judicial Committee within seven days of receipt of notice of suspension. Failure to appeal within seven days shall confirm the suspension and bar any later challenge or appeal. The Judicial Committee shall set a date for hearing the appeal between 20 and 40 days of receipt of the appeal and shall notify all interested persons, which persons shall have the right to appear and present evidence and argument. At the hearing the burden of persuasion shall rest upon the appellant. The Judicial Committee shall either affirm the National Committee's suspension of the officer or order the officer's reinstatement within 30 days of the hearing. Failure of the Judicial Committee to rule within 30 days shall constitute an affirmation of the National Committee's suspension of the officer. At such time as the suspension is final, the office in question shall be deemed vacant.
8. The National Committee shall appoint new officers if vacancies occur, such officers to complete the term of the office vacated.

**ARTICLE 7: NATIONAL COMMITTEE**

1. The National Committee shall have control and management of all the affairs, properties and funds of the Party consistent with these bylaws. The Libertarian National Committee shall establish and oversee an organizational structure to implement the purposes of the Party as stated in Article 2. The National Committee shall adopt rules of procedure for the conduct of its meetings and the carrying out of its duties and responsibilities. The National Committee may delegate its authority in any manner it deems necessary.
2. The National Committee shall be composed of the following members:
    a. the officers of the Party;
    b. five members elected at large by the delegates at a regular convention; and
    c. any additional members as specified below:
    Any affiliate party with 10% or more of the total national party sustaining membership within affiliate parties (as determined for delegate allocation) shall be entitled to one National Committee representative and one alternate for each 10% of national sustaining membership. Affiliate parties may, by mutual consent, band together to form "representative regions," and each such "region" with an aggregate national party sustaining membership of 10% or more shall be entitled to one National Committee representative and one alternate for each 10% of national party sustaining membership. "Representative regions" may be formed or dissolved once every two years during a period beginning 90 days before the beginning of and ending on the second day of the national convention, and notice of new formations or dissolutions must be given in writing to the national Secretary prior to the close of the convention at which they take place.
3. The National Committee shall take office immediately upon the close of the regular convention at which they are selected and serve until the final adjournment of the next regular convention.
4. A National Committee member shall be a sustaining member of the Party and shall not be the candidate of any party except the Party or an affiliate.
5. The National Committee may, for cause, suspend any member-at-large by a vote of 2/3 of the entire National Committee, excepting the member that is the subject of the vote who may not

participate in that vote. The suspended member-at-large may challenge the suspension by an appeal in writing to the Judicial Committee within seven days of receipt of notice of suspension. Failure to appeal within seven days shall confirm the suspension and bar any later challenge or appeal.  The Judicial Committee shall set a date for hearing the appeal between 20 and 40 days of receipt of the appeal and shall notify all interested persons, which persons shall have the right to appear and present evidence and argument. At the hearing the burden of persuasion shall rest upon the appellant. The Judicial Committee shall either affirm the National Committee's suspension of the member-at-large or order reinstatement of the member-at-large within 30 days of the hearing. Failure of the Judicial Committee to rule within 30 days shall constitute an affirmation of the National Committee's suspension of the member-at-large. At such times as the suspension is final, the office in question shall be deemed vacant.

6. A National Committee member who fails to attend two consecutive regular sessions of the National Committee shall be deemed to have vacated his or her seat.  The appointing body shall be free to reappoint the member who vacated the seat.
7. The National Committee shall appoint new officers and members-at-large if vacancies occur, such officers and members-at-large to complete the term of the office vacated.
8. A National Committee Regional Representative or Alternate may be removed and replaced only by the act of the affiliate parties that constitute the subject region. The voting procedure for the removal and replacement of regional representatives or alternates shall be determined by the regions. In the absence of any such procedures, a majority vote of the state chairs comprising the region shall prevail.
9. The National Committee shall meet at such times and places as may be determined by: action of the Committee, call of the Chair, or written request of 1/3 or more of its members.
10. A majority of the membership of the National Committee shall constitute a quorum for the transaction of business at all meetings.
11. The National Committee may adopt public policy resolutions by a ¾ vote with previous notice or by unanimous consent without previous notice.
12. Upon appeal by ten percent of the delegates credentialed at the most recent regular convention or one percent of the Party sustaining members the Judicial Committee shall consider the question of whether or not a decision of the National Committee contravenes specified sections of the bylaws. If the decision is vetoed by the Judicial Committee, it shall be declared null and void.
13. The National Committee shall use roll call voting on all substantive motions. Additionally, the National Committee must have a roll call vote upon request of any single committee member present on any motion. On all roll call votes, the vote of each individual committee member shall be recorded in the minutes.
14. The Secretary or a designee shall promptly post notice for each session of the National Committee; any National Committee proposed agendas; and approved minutes of each convention and open National Committee session to a permanent archive section on the Party's website.  Any person may record the National Committee's proceedings while in open session, or subscribe to a read-only email list on which National Committee votes are recorded.
15. The National Committee and all of its committees shall conduct all votes and actions in open session; executive session may only be used for discussion of personnel matters, contractual negotiations, pending or potential litigation, or political strategy requiring confidentiality.

**ARTICLE 8: JUDICIAL COMMITTEE**

1. The Judicial Committee shall be composed of seven Party members elected at each regular non-presidential convention and any five members shall constitute a quorum. No member of the National Committee may be a member of the Judicial Committee. The members of the Judicial Committee shall select the Chair of the Judicial Committee. The Judicial Committee shall take office immediately upon the close of the regular non-presidential convention at which elected and shall serve until the final adjournment of the next regular non-presidential convention. All Judicial Committee members shall have been Party members at least four years at the time of their selection.  The remaining members of the Judicial Committee shall appoint new members if vacancies occur, such appointees to serve until the final adjournment of the next regular non-

   presidential convention.  Should all Judicial Committee positions be vacant, an Intervening convention may fill such vacancies.
2. The subject matter jurisdiction of the Judicial Committee is limited to consideration of only those matters expressly identified as follows:
    a. suspension of affiliate parties (Article 5, Section 6),
    b. suspension of officers (Article 6, Section 7),
    c. suspension of National Committee members-at-large (Article 7, Section 5),
    d. voiding of National Committee decisions (Article 7, Section 12),
    e. challenges to platform planks (Rule 5, Section 7),
    f. challenges to resolutions (Rule 6, Section 2), and
    g. suspension of Presidential and Vice-Presidential candidates (Article 14, Section 5).
3. Within 90 days following the regular convention at which elected, the Judicial Committee shall establish rules of appellate procedure to govern its consideration of matters within the scope of its jurisdiction. The existing Rules shall remain in effect until and unless the Judicial Committee submits new proposed rules to the National Committee for approval, which approval shall be deemed given unless denied by a 2/3 vote of the National Committee within 60 days of submission. A copy of the current rules of appellate procedure shall be maintained by the Secretary at the Party Headquarters and shall be available to any member at cost.

**ARTICLE 9: FINANCE AND ACCOUNTING**

1. The fiscal term of the Party shall begin on January 1 of each year. From January 1 until the National Committee has approved a budget, the Treasurer may authorize expenditures for any item incorporated in the previous year's budget as long as the level of expenditure is consistent with that budget.
2. The National Committee shall cause an efficient double-entry system of accounts to be installed and maintained. Financial statements of the Party shall be prepared in accordance with Generally Accepted Accounting Principles (GAAP). Audits shall be performed annually by an independent auditor. The non-officer members of the National Committee shall appoint a standing Audit Committee of three members with power to select the independent auditor. One member shall be a non-officer member or alternate of the National Committee and the other two shall not be members or alternates of the National Committee. The Assistant Treasurer is not eligible to serve on the Audit Committee. The Audit Committee shall present its findings to each regular convention and clarify for the National Committee any recommendations made by the auditor.
3. No disbursements exceeding $100 may be made with cash.
4. The National Committee shall have the power to designate the depository of all funds of the Party and shall appoint such officers and employees as in its judgment may seem advisable to deposit and withdraw funds.
5. The Party shall not borrow in excess of $2,000 total without prior approval by 2/3 vote of the National Committee. This shall not include current operating debt for trade payables.
6. The National Committee shall designate an Assistant Treasurer to temporarily serve in the event the Treasurer is incapacitated or unavailable, or vacates the position.

**ARTICLE 10: CONVENTIONS**

1. Regular Conventions:
   The Party shall hold a regular convention every two years, at a time and place selected by the National Committee. Regular conventions shall be held sometime during the period of July of an odd-numbered year through August of an even-numbered year. All business required to be conducted at regular conventions shall be conducted at regular conventions only.
2. Delegates:
    a. Delegates shall be required to be members of either the Party or an affiliate party. At all regular conventions delegates shall be those so accredited who have registered at the convention.
    b. Any federal or state law to the contrary notwithstanding, delegates to a regular convention shall be selected by a method adopted by each affiliate party; provided

   however, that only members of the Party as defined in these bylaws, or members of the affiliate party as defined in the constitution or bylaws of such affiliate party, shall be eligible to vote for the selection of delegates to a regular convention.
3. Affiliate Party Delegate Entitlements:
   Each affiliate party shall be entitled to send delegates to each regular convention on the following basis:
   a. One delegate for each 0.14 percent, or fraction thereof, of the total Party sustaining membership in that affiliate; provided that at least one such delegate must be a resident of that State or District.
   b. One delegate for each 0.35 percent, or fraction thereof, of the votes cast nationwide for the Libertarian Party candidate in the most recent presidential election, cast in that affiliate's state. If a state conducts its presidential election via Ranked-Choice or Instant Runoff Voting, the ballots for the Libertarian candidate as tabulated in the first round of ballot counting will be used for this purpose.
4. Delegate Allocation:
   a. In order to be counted for delegate allocation, sustaining membership applications must be sent to the National Headquarters by either the individual member or the affiliate party and received or postmarked no later than the last day of the seventh month prior to the regular convention.
   b. The Secretary shall make a count of the sustaining members qualified under the requirements set forth here and shall compute the delegate allocations for the affiliate parties. Notification of the sustaining membership totals and allocation totals shall be sent by the Secretary to the chair of each affiliate party no later than the last day of the sixth month prior to a regular convention.
   c. A list of the names and addresses of all delegates and alternates chosen by each affiliate party shall be sent to the Credentials Committee no later than one month prior to start of the first general session of the regular convention. Amendments to such lists may be made by the affiliate parties and submitted to the Credentials Committee until the close of the Credentials Committee meeting preceding the convention. The number of alternates' names submitted shall not exceed the greater of 50 or the number of delegates allocated.
   d. Failure to submit a listing of delegate/alternate names and addresses, as prescribed within these bylaws, shall cause no delegation to be registered from that affiliate party.
   e. By seven-eighths vote, the convention may approve additional delegates and alternates whose names and addresses are submitted to the Credentials Committee during the convention.
5. Delegate List:
   Any Party member shall be provided, upon request and payment of copying and mailing costs, a list of the names and addresses of all delegates selected to attend and those who actually attended the most recent two conventions, with those who attended clearly identified, and all delegates / alternates selected to the upcoming convention, if available.
6. Voting Eligibility:
   a. Use of the unit rule or unit voting is prohibited at national conventions.
   b. Duly selected alternates may be freely substituted for any members of their delegation who are temporarily or permanently absent from the floor, provided the procedure has been clearly specified by the affiliate party in advance of the convention, and the Credentials Committee has been provided with lists of the affiliate party's delegates and alternates as well as a copy of the affiliate party's rules governing substitutions.
   c. An alternate, upon certification by the Credentials Committee, may function as a delegate whenever a delegate of the same state has not been registered in attendance. This status shall continue until the absent delegate registers in attendance. If the affiliate party has made no provision for filling delegate vacancies, the alternate substitute shall be decided by drawing lots.
   d. If the affiliate party has made no other provision, an alternate may temporarily vote in place of a delegate from the same state while he or she has the written consent of that delegate; however, no delegate may cast more than one vote on a question.
   e. All members must wear the identification badge issued upon registration in order to be admitted to the convention hall.

7.  Votes cast for "None of the Above" in voting on the Party's nominees for President and Vice-President, the Party officers, and at-large members of the National Committee, shall be considered valid. Should a majority of the votes be cast for "None of the Above" in the Presidential or Vice-Presidential balloting, no candidate shall be nominated for that office. Should "None of the Above" be selected for any Party office, that position shall be declared vacant and none of the losing candidates for that position may be selected to fill the vacancy for that term of office.
8.  Quorum:
    A quorum shall consist of 40% of the total number of delegates registered in attendance at the Convention.
9.  The Convention Secretary shall produce draft convention minutes within 60 days of the adjournment of the convention and present them to the National Committee. Draft convention minutes shall be posted on the Party's website at least 14 days prior to being submitted to the National Committee for approval by a two-thirds vote.
10. Convention Rules:
    The Party's convention special rules of order may be amended only by a regular convention.

## ARTICLE 11: OTHER COMMITTEES

1.  There shall be a Platform Committee, a Bylaws and Rules Committee, and a Credentials Committee for each regular convention. The National Committee shall appoint a temporary chair of each committee to serve until each committee selects its own chair.
2.  The Bylaws and Rules Committee shall consist of 10 Party members appointed by the National Committee no later than twelve months before a regular convention. No more than five of these members shall be members of the current National Committee.
3.  The Platform Committee shall consist of 20 members selected as follows:
    a.  One member by each of the five affiliate parties having the greatest per capita sustaining membership as determined for convention delegate allocations at the most recent regular convention.
    b.  One member by each of the 10 affiliate parties having the largest sustaining memberships, excluding those affiliates from (a), as determined for convention delegate allocations at the most recent regular convention.
    c.  Five members selected by the National Committee.
    d.  These members shall be selected no later than the last day of the fifth month prior to the regular convention.
4.  The Credentials Committee, composed of 10 members, shall be selected as follows.
    a.  Five members chosen by the National Committee no later than six months before a regular convention.
    b.  One member by each of the five affiliate parties having the largest sustaining memberships as determined for convention delegate allocations at the most recent regular convention. These shall be selected by each of the affiliate parties no later than three months prior to the regular convention.
5.  Ranked alternates may be named by the appointing bodies to fill any vacancies or absences in the convention committees.
6.  Committee Procedures
    a.  A majority vote of those Committee members present is necessary for a "do pass" recommendation, and in the case of the Platform Committee, a majority must approve each specific plank separately.
    b.  Four or more members of the Platform Committee may join together to issue a minority report regarding any plank reported to the floor of the convention. Two or more members of the Bylaws and Rules Committee or of the Credentials Committee may join together to issue a minority report regarding their business.

## ARTICLE 12: MEETINGS

Boards and committees may conduct business by teleconference or videoconference. The National Committee shall have power to adopt special rules of order and standing rules to facilitate the conduct of business by teleconference or videoconference.

**ARTICLE 13: ELECTRONIC MAIL BALLOTS**

Boards and committees may transact business by electronic mail. The Chair or Secretary shall send out electronic mail ballots on any question submitted by the Chair or co-sponsored by at least 1/5 of the members of the board or committee. The period for voting on a question shall remain open for seven days, unless all members have cast votes, or have stated an intention to abstain or be absent during the voting period, by electronic mail to the entire board or committee. Votes from alternates will be counted, in accordance with previously defined ranked order, in the absence of the corresponding committee member(s). The outcome of each motion shall be announced promptly and recorded in the minutes of the next meeting. The number of votes required for passage of any motion shall be the same as that required during a meeting. Motions dispensed through electronic mail ballots satisfy the requirement of giving previous notice.

**ARTICLE 14: PRESIDENTIAL AND VICE-PRESIDENTIAL CAMPAIGNS**

1. Nominations of candidates for President and Vice-President of the United States may be made only at the regular convention immediately preceding a Presidential election.
2. No candidate may be nominated for President or Vice-President who is ineligible under the United States Constitution, who has not expressed a willingness to accept the nomination of the Party, who served as a stand-in candidate during the current election cycle, or who is not a sustaining member of the Party.  A stand-in is an individual who has agreed to be placed on a state affiliate's nomination petition prior to the selection of nominees by the Libertarian Party at convention.
3. In the event of the death, resignation, disqualification, or suspension of the nomination of the Party's nominee for President, the Vice-Presidential nominee shall become the Presidential nominee. Two-thirds of the entire membership of the National Committee may, at a meeting, fill a Vice-Presidential vacancy, and, if necessary, a simultaneous Presidential vacancy.
4. The National Committee shall respect the vote of the delegates at nominating conventions and provide full support for the Party's nominee for President and nominee for Vice-President as long as their campaigns are conducted in accordance with the platform of the Party.
5. A candidate's nomination may be suspended by a 3/4 vote of the entire membership of the National Committee at a meeting. That candidate's nomination shall then be declared null and void unless the suspended candidate appeals the suspension to the Judicial Committee within seven days of receipt of notification of suspension. The resolution of suspension must state the specific reasons for suspension and must be signed by each member of the National Committee agreeing thereto. The Judicial Committee shall meet and act on this appeal within 30 days and before the election.

**ARTICLE 15: ALTERNATIVE VOTING PROCEDURES**

1. The convention special rules of order may authorize specified forms of preferential voting.
2. The convention special rules of order may provide a mechanism under which, when no candidate initially receives a majority, the candidate receiving the fewest votes is removed from consideration.


**ARTICLE 16: PARLIAMENTARY AUTHORITY**

The rules contained in the current edition of Robert's Rules of Order, Newly Revised shall govern the Party in all cases to which they are applicable and in which they are not inconsistent with these bylaws and any special rules of order adopted by the Party.

**ARTICLE 17: AMENDMENT**

1. These bylaws may be amended by a 2/3 vote of the delegates at any regular convention.
2. Article 3, Section 1, or this Section, shall not be amended by a vote of less than 7/8 of all registered delegates at a regular convention.

**ARTICLE 18: PROMULGATION OF BYLAWS**

The National Committee shall promulgate the bylaws in accordance with applicable law. A copy of these bylaws and convention rules shall be provided to each member of the National Committee, each member of the Judicial Committee and each Chair of an affiliate party within 90 days of adoption.

# Convention Special Rules of Order of the Libertarian Party

**RULE 1: ORDER OF BUSINESS**

The standing order of business for a regular convention shall be as follows:

1. Call to order
2. Credentials Committee report
3. Adoption of agenda
4. Treasurer's report
5. Audit Committee report
6. Bylaws and Rules Committee report
7. Election of Judicial Committee (in appropriate years)
8. Election of Party officers and at-large members of the National Committee
9. Platform Committee report
10. Nomination of Party candidates for President and Vice-President (in appropriate years)
11 Resolutions
12. Other business

**RULE 2: VOTING PROCEDURE AND MOTIONS**

1. On all matters, except the retention of platform planks, the election of Judicial Committee members, Party officers and at-large members of the National Committee, and the nomination of Presidential and Vice-Presidential candidates, voting will be by either voice vote or rising vote.  If any delegate objects to the Chair's ruling on the outcome of a voice vote, a rising vote shall be conducted. If 20 or more delegates object to the Chair's ruling on the outcome of a rising vote, a counted vote will be held.
2. The Chair may require any motion offered from the convention floor to be in writing, signed by the mover and submitted to the Secretary.

**RULE 3: POLLING PROCEDURE**

1. The State Chair shall serve as chair of his or her delegation, unless that delegation selects another of its members to serve as its chair and so notifies the Secretary.
2. In cases where a roll call vote is required, polling shall be by state. The Secretary will ask for the vote from each state in alphabetical order, and the chair of each delegation shall report the vote for that state. The convention seating will be by state delegation. If someone challenges the vote reported by any state's chair, the Secretary shall poll the delegates from that state individually.
3. In cases where computer readable ballots are used, each delegate must sign the ballot and submit it to the delegation chair. After verifying that the number of votes cast does not exceed the number the state is entitled to, the chair of each delegation shall submit the ballots to the Secretary. During the period of time allotted for such votes, the business of the convention shall continue without interruption.

**RULE 4: DEBATING AND VOTING -- BYLAWS AND RULES**

The Chair of the Bylaws and Rules Committee shall report each recommendation of the committee to the convention separately and shall have two minutes to explain the intent or purpose of the proposed amendment(s). The Convention Chair shall open each recommendation to discussion without amendment from the floor. Each recommendation shall be considered and adopted separately, with a maximum of eight minutes discussion on any recommendation. After the discussion, the Convention Chair shall bring the recommendation to a vote. If the recommendation fails, the Convention Chair shall open the recommendation to amendment for an additional 10 minutes.

**RULE 5: DEBATING AND VOTING -- PLATFORM**

1. After the adoption of the convention agenda, the convention will vote whether to delete planks from the existing platform. This will be accomplished as follows:
    a. The Credentials Committee shall issue five signature tokens to each delegate.
    b. Tokens shall only be issued to delegates. Delegates are responsible for transferring possession of unused tokens to their alternates if necessary.
    c. Each delegate may cast each token as a recommendation for deletion of one plank by noting on the token the plank to be deleted and signing the token.
    d. A delegate may cumulate recommendations by casting any number of tokens for deletion of the same plank.
    e. Delegates will be given until one hour prior to the scheduled start of the platform report to mark their tokens and deliver them to the Secretary.
    f. Prior to the scheduled start of the platform report, the Secretary shall review the tokens received and tabulate and report the tokens submitted for deletion of each plank.
    g. As its first item of platform business, the convention shall vote whether to delete each of those planks that received a number of tokens for deletion equal to 20% or more of the number of credentialed delegates.  Such votes shall be cast without amendment or debate.
2. The Platform Committee shall meet before each regular convention and prepare a report containing its recommendations. At the convention, the Platform Committee's recommendations shall be reported to the floor and debated and voted upon separately. The Platform Committee shall set forth the order in which each recommendation shall be considered.
3. Recommendations for which there is no minority report shall be debated and voted upon in the following manner:
    a. The Platform Committee Chair, or some other person designated by him or her, shall read the proposed recommendation and shall have up to two minutes to explain the recommendation.
    b. The Convention Chair shall then open the recommendation to debate without amendment for a period of up to 15 minutes before bringing the matter to a vote.  If the recommendation fails, the Convention Chair shall inquire if any amendments are proposed from the floor.  If there are such proposals, the Convention Chair shall request a vote on whether to consider amendments, and with majority approval may consider amendments for a period of up to 10 minutes.
4. Recommendations for which there is a minority report shall be debated and voted upon in the following manner:
    a. Spokespersons for both the majority and minority positions shall each have two minutes to present their views.
    b. The Chair shall then open consideration of both positions for five minutes during which time any delegates may express their views without offering amendments. After five minutes, there will be a vote on which of the two reports shall be considered for purposes of adopting a recommendation. The report receiving the greater number of votes shall then be discussed and voted upon in the manner described in Section 3b.
5. After all committee recommendations have received initial consideration, any delegate may propose amendments to the platform. The delegate may take up to two minutes to state and explain the proposal, with debating and voting to proceed as described in Section 3b.
6. Finally, if time permits, proposals which were considered by the Platform Committee but which received an unfavorable vote from a majority of the committee, may be considered, with a spokesperson for the minority position giving the reasons in favor and the Platform Committee Chair or other representative of the majority position giving the reasons why it was voted down, before the proposal is taken to the floor for debate.
7. Challenges of adopted Party planks believed by 10% of the delegates to be in conflict with the Statement of Principles shall be referred in writing, during the convention, to the Judicial Committee by the delegates requesting action for consideration. The challenge shall specify in what manner the plank is believed to be in conflict. The Judicial Committee shall consider the challenge, decide whether the Statement of Principles is conformed to and report their findings

and reasons to the convention. If the plank is vetoed by the Judicial Committee, it will be declared null and void but can be reinstated by a 3/4 vote of the convention.
8. Should changes to the bylaws or platform result in a grammatical error in accordance with the latest edition of the Chicago Manual of Style, the National Committee presiding at the time of that discovery is authorized to make those grammatical corrections provided it does not change the meaning or intent of the item edited.

**RULE 6: RESOLUTIONS**

1. Resolutions must be approved by a 2/3 vote.
2. Resolutions must not be in conflict with the Statement of Principles. Challenges of such adopted resolutions believed by 10% of the delegates to be in conflict with the Statement of Principles shall be referred in writing, during the convention, to the Judicial Committee by the delegates requesting action for consideration. The challenge shall specify in what manner the resolution is believed to be in conflict. The Judicial Committee shall consider the challenge, decide whether the Statement of Principles is conformed to, and report their findings and reasons to the convention. If the resolution is vetoed by the Judicial Committee, it will be declared null and void but can be reinstated by a 3/4 vote of the convention.

**RULE 7: NOMINATION OF PRESIDENTIAL AND VICE-PRESIDENTIAL CANDIDATES**

1. No person shall be nominated for President or Vice-President unless at least 30 registered delegates join in the nomination in writing submitted to the Secretary, and the nominee has submitted to the Secretary evidence of sustaining membership and a statement of willingness to accept the nomination. No delegate may join in nominating more than one candidate for each office. The affixing of signatures to a nominating petition per this requirement shall be effected by a transfer of signature tokens issued by the Credentials Committee.
2. The Party's nominee for President shall be chosen by majority vote. If no candidate has attained a majority, the candidate with the fewest votes and any candidates polling less than 5% shall be struck from subsequent ballots. This procedure shall be repeated after every ballot in which no candidate has received a majority vote, until one candidate attains a majority.
3. Each delegation shall tabulate its total vote, and the delegation chair shall deliver a written total to the Secretary. When all the delegations have submitted their votes, the Secretary shall declare the voting closed. Following the first presidential ballot, an announcement of each delegation's vote total shall be made by delegation chairs in alphabetical order beginning with a randomly selected delegation. For all ballots, the Secretary shall then display the results.
4. The Party's nominee for Vice-President shall be chosen by the same procedure as for the Presidential nominee except that the Presidential nominee shall have the privilege of addressing the convention for 5 minutes, after nominations have been made but before voting has begun, for the purpose of endorsing or objecting to any of the Vice-Presidential nominees. Nominations for Vice-President shall close after selection of the Presidential nominee.
5. Nominating and seconding speeches for each candidate shall be limited in duration as follows:
    a. President: Total of 16 minutes;
    b. Vice-President: Total of 11 minutes.

    A delegate who collects the required number of nominating tokens so designated may speak up to 5 minutes in favor of voting for None Of The Above.

**RULE 8: ELECTION OF OFFICERS AND NATIONAL COMMITTEE**

1. Nominations for Party officers shall be from the floor. The election shall be conducted in the following manner:
    a. For each office, a majority vote will be necessary for election.

   b. Each delegation shall tabulate its total vote, and the delegation chair shall deliver a written total to the Secretary. When all delegations have submitted their votes, the Secretary shall declare the voting closed.
   c. In cases where no candidate receives a majority, runoff votes will be held, dropping the candidate with the fewest votes after each ballot.
2. Nominations for the at-large members of the National Committee shall be from the floor. The election shall be conducted in the following manner:
   a. Each delegate may cast a ballot with a vote for either none-of-the-above or one vote per candidate for any number of candidates. Every ballot with a vote for none-of-the-above or one or more candidates is counted as one ballot cast.  A vote for none-of-the-above shall be ignored if the ballot also includes a vote for any other candidate.
   b. Each delegation shall tabulate its total vote, and the delegation chair shall deliver a written total to the Secretary, along with the ballots cast.
   c. When all delegations have submitted their votes, the Chair shall declare the voting closed. The top five candidates receiving a majority vote of the ballots cast shall be elected. Tie votes affecting the outcome shall be decided by lot.
3. No person shall be nominated unless at least 15 registered delegates join in the nomination submitted to the Secretary, and the nominee has submitted to the Secretary evidence of the required level of membership and a statement of willingness to accept the nomination.  No delegate may join in nominating more than one candidate per seat. Nominating speeches shall be limited in duration as follows:
   a. Chair: Total of 10 minutes;
   b. All others: Total of 5 minutes.
4. In the event a region has not otherwise provided for the election of its National Committee representation then the delegates from the region shall elect its regional representative and alternate, provided there are at least five delegates present. Each Region's delegates may elect their representative and alternate in whatever manner they choose, provided all delegates present from that region are given equal voice in the selection.

**RULE 9: ELECTION OF JUDICIAL COMMITTEE**

Nominations and elections for members of the Judicial Committee shall be conducted in the same manner as specified for at-large members of the National Committee.

**RULE 10: VERIFICATION OF DELEGATION VOTE TOTALS**

For each vote in which subtotals are submitted by delegation, each delegation shall conduct its vote by written ballot. After each delegation has tabulated its own vote totals, before submitting the totals to the Secretary, tellers approved by the Secretary shall review the ballot tabulation for accuracy and cosign the delegation totals.

After the Secretary has recorded all delegation submissions, the state-by-state delegation totals for each candidate or choice shall be displayed on a projection screen for each delegation to review for accuracy.

# Judicial Committee Rules of Appellate Procedure

**As Amended 2022**

1. **Commencement of action; petition**
    1.1. The Judicial Committee shall act only when its Chair receives a written request for a ruling on a matter identified in the Party's Bylaws as being within the Committee's jurisdiction ("petition").
    1.2. All petitions and responses shall be in text-searchable in Word, ODF, txt, rtf, or PDF format only.
    1.3. Such petition(s) shall identify:
        1.3.1. the basis for the subject matter jurisdiction of the Committee;
        1.3.2. the ruling requested;
        1.3.3. the verifiable identity of each member, affiliate, or Party committee petitioning for the requested ruling ("petitioner(s)"); and
        1.3.4. the identity by individual name of each member, affiliate, or Party committee that would be directly affected by the requested ruling.
    1.4. Any such member, affiliate, or committee directly named in a petition, together with any other person member, affiliate, or committee identified by the Judicial Committee members as likely to be so affected, shall be considered a prospective "respondent."
    1.5. Petition(s) should be supported by such written and other necessary evidence to support the grant of the ruling requested.
2. **Committee procedure during National Convention**
    2.1. If the Committee is called into action during a National Convention, the Chair shall convene the Committee as soon as is reasonably practicable.
    2.2. Upon request of either petitioner(s) or respondent(s), and/or at the Committee's direction, the Committee may hear arguments from petitioner(s) and respondent(s) in person.
3. **Committee standard procedure**
    3.1. When any petition, response, amicus brief, or supporting material is received at any time other than during a National Convention, the Chair shall promptly forward such document or material to the other Committee members by electronic mail. Committee members shall acknowledge receipt of petitions. The complete list of such documents and material received by the Judicial Committee shall be posted and publicly available online.
4. **Respondent procedure**
    4.1. Within seven days following receipt of such petition(s) (or promptly, if the request is received during a National Convention), the Committee Chair shall provide a copy of the petition(s) and any supporting material to each prospective respondent, along with notice that any desired responses are due in writing within seven days (or promptly, if the request is received during a National Convention) ("response").
5. **Privileges of interested parties**
    5.1. Members may file amicus briefs in support of the petitioners or respondents.

    5.2.    Copies of petitions and responses and amici shall be made available electronically to any sustaining member upon request.

    5.3.    The Committee may by a majority vote redact portions of the petition(s) and response(s) and amici so made available, to protect personally-identifiable and other sensitive information.

**6. <u>Committee pre-hearing procedure</u>**

    6.1.    When petitions and responses and amici are received at any time other than during a National Convention, the Committee members shall review all material they are sent within seven days of receiving it, and each member shall advise the Chair as soon as he or she has done so.

**7. <u>Hearing</u>**

    7.1.    After the time allowed for responses has passed, and the Chair has been advised by at least two other Committee members that they have reviewed the petition(s) and response(s) provided, he or she shall set a time for a hearing and notify the Committee in writing of such time.

    7.2.    Unless all of the Committee members request a physical gathering, the hearing shall take place by telephone conference or videoconference.

    7.3.    Any hearing shall be open to sustaining members, who may observe (but not participate in) the proceedings.

    7.4.    The Committee may by a 2/3 vote deliberate in open session once the hearing concludes; otherwise, deliberations shall be in executive session.

    7.5.    All oral arguments shall be in open session.

    7.6.    All decisions shall be both published and made publicly available.

    7.7.    The Committee may in its discretion offer to the petitioner(s) and respondent(s) an equal opportunity to make their arguments orally via a telephone conference, videoconference, or physical meeting, under such rules as the Committee shall specify.

    7.8.    Committee members who are unable to participate in the hearing shall retain the right to vote. All votes must be received by the Chair no later than 10 calendar days after the hearing.

**8. <u>Publication of decision</u>**

    8.1.    When the Committee reaches a decision, the Chair shall notify the petitioner(s), respondent(s), the National Chair, and the National Secretary.

    8.2.    Preliminary notification may be made orally, either in person or by telephone; official notification shall be made in writing, as soon as all participating Committee members have voted on the matter in question, or 10 calendar days after the hearing if all members have not voted.

**9. <u>Delivery of documents</u>**

    9.1.    Petitions, responses, amici, supporting materials, and notifications required to be provided in writing in connection with any proceeding may be delivered personally, or by United States mail, private delivery service, or electronic mail. All such materials must be received prior to the hearing to be considered as part of the case.