# DOSTER LAW OFFICES, PLLC

<div style="text-align:center">
2145 Commons Parkway
Okemos, MI 48864
</div>

Eric E. Doster  (517) 483-2296 (main)
Email: eric@ericdoster.com  (517) 977-0147 (direct)
 www.ericdoster.com

February 15, 2023

Joseph Brungardt  **By Email Transmission**
4140 18 ½ Mile Road  joebfreedom@gmail.com
Sterling Heights, Michigan 48314

RE:  Demand by Libertarian Party of Michigan (LPM) for Return of all Property Belonging to LPM; Cease and Desist Demand by LPM to Immediately Terminate any Further Misrepresentation as Having any Authority to Govern the Affairs of LPM

Dear Mr. Brungardt:

**INTRODUCTION**

This office represents LPM with respect to the serious issues raised in this letter.  It has come to our attention that you are misrepresenting yourself to be the current Chair of the LPM; however, as you know as a result of your personal and direct participation in the matter, on or about December 19, 2022, the Judicial Committee (in accordance with the LPM Bylaws) ruled that the actions taken at the July 9, 2022 Candidate Nominating Convention which led to your initial selection as LPM Chair --- are invalid.  Specifically, the Judicial Committee unequivocally determined:

> "We have decided to grant Mr. Chadderdon's appeal. The vote of no confidence, the election of officers, and the election of Congressional district representatives conducted at the Candidate Nominating Convention on July 9th are to be considered out of order as a violation of our bylaws and parliamentary procedures. The Libertarian Executive Committee shall be reverted to its composition as of July 8th. Any actions taken by the erroneous board which are of a continuing nature are null and void."

Consequently, as a result of this Judicial Committee determination, any "actions taken by the erroneous board which are of a continuing nature are null and void" including without limitation, your selection as LPM Chair.

In defiance of the Judicial Committee's determination, you apparently are claiming that Section 535 of the Michigan Nonprofit Corporation Act (MCL 450.2535) precludes the taking of any action with respect to your status as LPM Chair since you were not removed by any members of

<div style="text-align:center; color:red">EXHIBIT 6</div>

the Michigan nonprofit corporation known as "Libertarian Party of Michigan Executive Committee, Inc." (State of Michigan Identification Number 800902778). Such a claim fails for many reasons.

**"LIBERTARIAN PARTY OF MICHIGAN EXECUTIVE COMMITTEE, INC." DOES NOT HAVE MEMBERS**

The Michigan nonprofit corporation known as "Libertarian Party of Michigan Executive Committee, Inc." does not have members. According to Article IV of the Articles of Incorporation of "Libertarian Party of Michigan Executive Committee, Inc." filed on January 19, 2005, this nonprofit corporation is organized on a <u>directorship</u> basis. Nowhere in these Articles of Incorporation or in the Bylaws of "Libertarian Party of Michigan Executive Committee, Inc." dated January 23, 2005 is there any reference to members. Consequently, because "Libertarian Party of Michigan Executive Committee, Inc." is organized on a directorship basis and has no members in law and in fact, any reference to a "member removal requirement" under Section 535 of the Michigan Nonprofit Corporation Act is misplaced.

**LPM EXISTS SEPARATELY FROM "LIBERTARIAN PARTY OF MICHIGAN EXECUTIVE COMMITTEE, INC." AND CONTROLS "LIBERTARIAN PARTY OF MICHIGAN EXECUTIVE COMMITTEE, INC."**

LPM is the political party designated by the Libertarian National Committee as the affiliate of the Libertarian Party in the State of Michigan. As previously referenced, "Libertarian Party of Michigan Executive Committee, Inc." (State of Michigan Identification Number 800902778).is a Michigan nonprofit corporation. According to Article II of the Bylaws of "Libertarian Party of Michigan Executive Committee, Inc.":

> "The LPM Bylaws are incorporated by reference in these Bylaws. In the event of any conflict between the LPM Bylaws and these Bylaws, the LPM Bylaws shall take precedence."

According to Article III of the LPM Bylaws:

> "The officers of the Party shall be a chair, a first vice chair, a second vice chair, a secretary, a treasurer, and the Congressional district representatives described below, hereinafter referred to as the "Executive Committee." These are the same individuals who shall serve as the directors of the "Libertarian Party of Michigan Executive Committee, Inc.""

Consequently, members of the LPM Executive Committee (as established and recognized pursuant to the LPM Bylaws) automatically become officers and directors of "Libertarian Party of Michigan Executive Committee, Inc." without further corporate action. Conversely, once an individual is no longer a member of the LPM Executive Committee (as established and recognized pursuant to the LPM Bylaws) this individual automatically is no longer an officer or director of "Libertarian Party of Michigan Executive Committee, Inc." without further corporate action. Therefore, because the decision of the Judicial Committee (which established the current officers and representatives thereby invalidating your selection as LPM Chair) was made pursuant to the LPM Bylaws, and the LPM Bylaws establish the officers and directors of "Libertarian Party of Michigan

Executive Committee, Inc.", the LPM Bylaws, and any actions taken pursuant to the LPM Bylaws, take precedence.

**AS A MATTER OF CONSTITUTIONAL LAW (NOT TO MENTION LIBERTARIAN PRINCIPLES), THE AFFAIRS OF THE LIBERTARIAN PARTY OF MICHIGAN ARE GOVERNED BY THE LPM BYLAWS---AND NOT A STATE STATUTE**

Bylaws constitute a "binding contractual agreement between the [entity] and its various members." *Conlin v Upton,* 313 Mich App 243, 255 (2015). Accordingly, a board must follow the bylaws—a binding contract—unless they take steps to amend them. *See also Allied Supermarkets, Inc v Grocer's Dairy Co*, 45 Mich App 310, 315 (1973), *aff'd sub nom. Allied Supermarkets, Inc v Grocers' Dairy Co*, 391 Mich 729 (1974) ("[t]he bylaws of a corporation, so long as adopted in conformity with state law, constitute a binding contract between the corporation and its shareholders"). Here, the LPM Bylaws govern the affairs of LPM and control the affairs of "Libertarian Party of Michigan Executive Committee, Inc.". Therefore, unless LPM amends the LPM Bylaws under the proper procedure outlined in Article XII, the LPM Bylaws (including the authority of the Judicial Committee pursuant to Article V) govern. *See Slatterly v Madiol,* 257 Mich App 242, 250; 668 NW2d 154 (2003) (noting that bylaws are generally construed in accordance with the same rules used for statutory construction; thus, courts must first look at the specific language of the bylaw).

As indicated earlier in this letter, there is no conflict between the operation of the LPM Bylaws and the Michigan Nonprofit Corporation as both require adherence to the Judicial Committee's December 19, 2022 decision invalidating your selection as LPM Chair and recognizing the current LPM officers and representatives. However, for the sake of argument, let's assume that there is a conflict between a state statute (such as the Michigan Nonprofit Corporation Act) and the LPM Bylaws as to the composition of the current officers of the LPM. Even in such an instance, the consistent principles articulated by the United States Supreme Court have made it clear that where the rules of a political party conflict with state law, the First Amendment requires that the political party rules prevail. For example, in *Cousins v Wigoda*, 419 US 477 (1975), the United States Supreme Court held that political party rules supersede state law concerning the delegate selection process. The *Cousins* decision is based upon the principle that "[t]he National Democratic Party and its adherents enjoy a constitutionally protected right of political association." 419 US at 487. This First Amendment freedom to gather in association for the purpose of advancing shared beliefs is protected by the Fourteenth Amendment from infringement by any State. *Democratic Party v Wisconsin*, 450 US 107, 121 (1981). And the freedom to associate for the common advancement of political beliefs "necessarily presupposes the freedom to identify the people who constitute the association, and to limit the association to those people only." *Democratic Party v Wisconsin*, 450 US 107, 122 (1981). "Any interference with the freedom of a party is simultaneously an interference with the freedom of its adherents." *Sweezy v New Hampshire*, 354 US 234, 250 (1957). According to the United States Supreme Court, on "several occasions this Court has recognized that the inclusion of persons unaffiliated with a political party may seriously distort its collective decisions - thus impairing the party's essential functions - and that political parties may accordingly protect themselves 'from intrusion by those with adverse political principles.' *Ray v Blair*, 343 US 214, 221-222 (1951)." *National Democratic Party, supra*, 450 US at 1 22. Furthermore, in *Roberts v United States Jaycees*, 104 S.Ct. 3244, 3249 (1984), the United States Supreme Court emphasized that:

> "There can be no clearer example of an intrusion into the internal structure or affairs of an association than a regulation that forces the group to accept members it does not desire. Such a regulation may impair the ability of the original members to express only those views that brought them together."

In this regard, the United States Supreme Court struck down a Connecticut statute which required voters in a political party primary to be registered members of that party, which conflicted with a state Republican party rule permitting independent voters to vote in its primaries for federal and statewide offices. See *Tashjian v Republican Party of Connecticut*, 479 US 208 (1986).  Similarly, in *Heitmanis v Austin*, 899 F2d 521 (6th Cir. 1990), the Sixth Circuit Court of Appeals held as invalid certain portions of the Michigan Election Code which where contrary to the rules of the Michigan Republican Party. Significantly, the *Heitmanis* Court found that the Michigan Election Code created a significant burden on the party's right to freedom of association because it infringed upon the right of political parties to choose a method for selection of their party nominees. 899 F2d at 529.

Accordingly, to the extent that there is a conflict between a state statute (such as the Michigan Nonprofit Corporation Act) and the LPM Bylaws as to the composition of the current officers of the LPM, the LPM Bylaws, and any actions taken pursuant to the LPM Bylaws, take precedence once again.

**THE LIBERTARIAN NATIONAL COMMITTEE RECOGNIZES THE COMPOSITION OF THE CURRENT OFFICERS AND REPRESENTATIVES OF LPM, AS DETERMINED BY THE JUDICIAL COMMITTEE**

In Federal Election Commission Advisory Opinion 2016-17, the Federal Election Commission determined that the LPM qualifies as the state committee of a national political party under the Federal Election Campaign Act and Commission regulations because: (1) The Libertarian National Party (LNP) qualifies as a political party; (2) LPM is part of the official structure of the LNP; and (3) LPM is responsible for the day-to-day operation of the LNP at the state level.  Consequently, recognition from the Libertarian National Committee establishes LPM as an affiliate of the Libertarian National Committee.  Stated differently, without recognition from the Libertarian National Committee, there is no LPM.

According to Article 6 of the Bylaws of the Libertarian Party as adopted in 2008 by the Libertarian National Committee, there shall be no more than one state-level affiliate party in any one state. Significantly, the Libertarian National Committee recognizes the composition of the current officers of the LPM, as determined by the Judicial Committee, to be the state-level affiliate party of the Libertarian Party:  See [Leadership - Libertarian Party of Michigan (michiganlp.org)](Leadership - Libertarian Party of Michigan (michiganlp.org)).

Because the Libertarian National Committee does not recognize you as LPM Chair or the other officers and representatives you contend are legitimate, you are not allowed to use the name "Libertarian Party" pursuant to Article 6 of the Bylaws of the Libertarian Party:

> "No person, group or organization may use the name "Libertarian Party" or any confusingly similar designation except the Party or an organization to which the Party grants affiliate party status or as otherwise provided in these bylaws."

Consequently, a separate cease and desist letter has already been sent to you (or will soon be sent to you) by the Libertarian National Committee demanding that you and your colleagues not use the name "Libertarian Party".

**ACTIONS RESPECTFULLY DEMANDED AND REQUESTED**

On behalf of the Libertarian Party of Michigan (LPM), it is hereby DEMANDED that you and your agents return all property belonging to LPM within ten (10) days of the date of this letter. Further, you are hereby REQUESTED to immediately terminate any further misrepresentation as having any authority to govern the affairs of LPM. At a minimum, you and your agents must do the following:

1. Sign any documentation to transfer the LPM bank accounts to Andrew Chadderdon, LPM Chair and/or his designee(s).
2. Cease to engage in any fundraising on behalf of LPM.
3. Turn over the PO Box and any/all other accounts belonging to the LPM to Andrew Chadderdon, LPM Chair and/or his designee(s).

Your anticipated cooperation is appreciated.

Sincerely,

DOSTER LAW OFFICES, PLLC

Eric Doster

**CC:  BY EMAIL TRANSMISSION**

ANDREW CHADDERDON, LPM CHAIR chair@michiganlp.org

LIBERTARIAN NATIONAL COMMITTEE
Angela McArdle angela.mcardle@lp.org     Caryn Ann Harlos secretary@lp.org


ANGELA THORNTON angelat0763@gmail.com   ANDREW HALL halla12@ferris.edu
JORDAN MARTIN jord.martin02@protonmail.ch  MARK KING mark.king@markzz.com
DAVID CANNY cannyds@gmail.com           WILLIAM GELINEAU bill@abtitlemi.com
MIKE SALIBA themikesaliba@yahoo.com
MARY BUZUMA mary.buzuma@att.net
GREGORY STEMPFLE gregstempfle@gmail.com
RAFAEL WOLF rfwolf@gmail.com
BRIAN ELLISON bellison78@gmail.com
JONATHAN ELGAS elgasja@gmail.com
KYLE MCCAULEY k86.mccauley@gmail.com
JAMI VAN ALSTINE jamiracquel2004@yahoo.com
SCOTT BOMAN scottyeducation@yahoo.com