# Michigan Department of Consumer and Industry Services

# Filing Endorsement

This is to Certify that the ARTICLES OF INCORPORATION - NONPROFIT

for

LIBERTARIAN PARTY OF MICHIGAN EXECUTIVE COMMITTEE, INC.

ID NUMBER: 792439

received by facsimile transmission on January 19, 2005 is hereby endorsed filed on January 19, 2005 by the Administrator. The document is effective on the date filed, unless a subsequent effective date within 90 days after received date is stated in the document.

In testimony whereof, I have hereunto set my hand and affixed the Seal of the Department, in the City of Lansing, this 19th day of January, 2005.

*, Director*

**EXHIBIT 1**

Bureau of Commercial Services

Sent by Facsimile Transmission 05019

BCS/CD-502 (Rev. 08/01)

**MICHIGAN DEPARTMENT OF LABOR & ECONOMIC GROWTH**
**BUREAU OF COMMERCIAL SERVICES**

| Date Received | (FOR BUREAU USE ONLY) |
|---|---|
|  | This document is effective on the date filed, unless a subsequent effective date within 90 days after received date is stated in the document. |

Name: William W. Hall
Address: Warner Norcross & Judd LLP, 111 Lyon Street NW, Suite 900
City: Grand Rapids  State: MI  Zip Code: 49503

EFFECTIVE DATE:

Document will be returned to the name and address you enter above.
If left blank document will be mailed to the registered office.

## ARTICLES OF INCORPORATION
### For use by Domestic Nonprofit Corporations
(Please read information and instructions on the last page)

Pursuant to the provisions of Act 162, Public Acts of 1982, the undersigned corporation executes the following Articles:

OF

**LIBERTARIAN PARTY OF MICHIGAN EXECUTIVE COMMITTEE, INC.**

These Articles of Incorporation are signed by the Incorporator for the purpose of forming a nonprofit corporation pursuant to the provisions of Act 162 of the Public Acts of 1982, as follows:

### ARTICLE I

The name of the corporation is:

LIBERTARIAN PARTY OF MICHIGAN EXECUTIVE COMMITTEE, INC.

### ARTICLE II

The purpose or purposes for which the corporation is organized are:

01/19/2005 02:03PM

(a) To serve as the governing body and operational arm of the Libertarian Party of Michigan ("**LPM**"), the political party designated by the Libertarian National Committee as the affiliate of the Libertarian Party in the State of Michigan;

(b) To serve as the "Executive Committee" of the LPM, as described in the Bylaws of the LPM, and to continue to carry on all functions presently exercised by or in the future delegated to the Executive Committee by the LPM, including, without limitation, the exercise of control and management of all the affairs, properties and funds of the LPM;

(c) To engage in political action, within the meaning of Section 527 of the Internal Revenue Code;

(d) To act as a "political committee" within the meaning of the Michigan Campaign Finance Act and the Federal Election Campaign Act, as they may be amended from time to time;

(e) To borrow money and issue evidences of indebtedness in furtherance of any and all of the purposes of the business of the corporation, and to secure the same by mortgage, pledge or other lien on the corporation's property;

(f) To contribute funds to (i) the political committees of candidates, (ii) political party committees, (iii) political committees supporting or opposing Constitutional amendments, legislative initiatives, legislative referenda and other ballot questions, and/or (iv) other political committees;

(g) To make independent or coordinated expenditures (i) in support of candidates, (ii) in opposition to candidates, (iii) in support of Constitutional amendments, legislative initiatives, legislative referenda and other ballot questions, (iv) in opposition to Constitutional amendments, legislative initiatives, legislative referenda and other ballot questions, and/or (v) in support of other political activities;

(h) To lobby public officials;

(i) To engage in educational, advertising and promotional activities;

(j) To petition for Constitutional amendments, legislative initiatives, legislative referenda and other ballot questions;

(k) To solicit, collect, receive and administer funds;

(l) To contract for the purchase of goods and services;

(m) To rent and maintain office space;

(n) To hire and fire employees;

(o) To sell, convey and dispose of any property and invest and reinvest the property held;

(p) To deal with and distribute the Committee's income and assets in such manner as in the Committee's judgment will best promote its purposes; and

(q) In general, to enter into any kind of activity, to make and perform any contract and to exercise all powers necessary, incidental or convenient to the administration, management, maintenance, repair, replacement and operation of the LPM and to the accomplishment of any of the purposes of the LPM not forbidden, and with all powers conferred upon nonprofit corporations by the laws of the State of Michigan.

Notwithstanding any other provision of these Articles, the corporation shall not carry on any activities: (A) that would violate the Statement of Principles of the national Libertarian Party, as they now exist or may in the future be amended; (B) not permitted to be carried on by an organization exempt from federal income taxation under Section 527 of the Internal Revenue Code and other related legislation and regulations as they now exist or may in the future be amended; or (C) that would disqualify the corporation from its intended status as a political committee formed for the sole purpose of limiting liability within the meaning of 11 C.F.R. Section 114.12(a) and Rule 169.39b(3) of the Michigan Administrative Code.

## ARTICLE III

This corporation is organized upon a nonstock basis.

The amount of assets which this corporation possesses is: Real Property - None; Personal Property - None.

This corporation is to be financed under the following general plan: solicitation of contributions.

## ARTICLE IV

This corporation is organized on a directorship basis.

## ARTICLE V

The address of the initial registered office is:

111 Lyon Street, NW, Suite 900
Grand Rapids, Michigan 49503-2487

01/19/2005  02:03PM

The name of the initial resident agent at the registered office is:

William W. Hall

## ARTICLE VI

The name and address of the Incorporator are:

William W. Hall
Warner Norcross & Judd LLP
111 Lyon Street, NW, Suite 900
Grand Rapids, Michigan 49503-2487

## ARTICLE VII

The term of this corporation shall be perpetual.

## ARTICLE VIII

When a compromise or arrangement or a plan of reorganization of this corporation is proposed between this corporation and its creditors or any class of them or between this corporation and its members, or any class of them, a court of equity jurisdiction within the state, on application of this corporation or of a creditor, or member of the corporation, or an application of a receiver appointed for the corporation, may order a meeting of the creditors or class of creditors or of the members or class of members to be affected by the proposed compromise or arrangement or reorganization, to be summoned in such manner as the court directs. If a majority in number representing seventy-five percent (75%) in value of the creditors or class of creditors, or of the members or class of members to be affected by the proposed compromise or arrangement or a reorganization, agree to a compromise or arrangement or a reorganization of this corporation as a consequence of the compromise or arrangement, the compromise or arrangement and the organization, if sanctioned by the court to which the application has been made, shall be binding on all the creditors or class of creditors, or on all of the members or class of members and also on this corporation.

## ARTICLE IX

A contract or other transaction between this corporation and one or more of its directors or officers, or between this corporation and another corporation, firm or association of any type or kind, in which one or more of this corporation's directors or officers are directors or officers, or are otherwise interested, is not void or voidable solely because of such common directorship, officership or interest, or solely because such directors are present at the meeting of the board or committee thereof which authorizes or approves the contract or transaction, or

4

solely because their votes are counted for such purpose if:

(a) The contract or other transaction is fair and reasonable to this corporation when it is authorized, approved or ratified; or

(b) The material facts as to the director's or officer's relationship or interest and as to the contract or transaction are disclosed or known to the board or committee, and the board or committee authorizes, approves or ratifies the contract or transaction by a vote sufficient for the purpose without counting the vote of any common or interested director; or

(c) The material facts as to the director's or officer's relationship or interest as to the contract or transaction are disclosed or known to the members, and they authorize, approve or ratify the contract or transaction.

## ARTICLE X

A volunteer director of the corporation shall not be personally liable to the corporation or its directors or members for monetary damages for a breach of the director's fiduciary duty, except that a volunteer director's liability is not limited for any of the following:

(a) a breach of the director's duty of loyalty to the corporation or its directors or members;

(b) acts or omissions not in good faith or that involve intentional misconduct or a knowing violation of law;

(c) a violation of Section 551(1) of the Michigan Nonprofit Corporation Act, which section relates to the making of unauthorized dividends or distributions;

(d) a transaction from which the director derived an improper personal benefit; and

(e) an act or omission that is grossly negligent.

The corporation shall assume all liability to any person other than the corporation or its directors or members for all acts or omissions of a volunteer director incurred in the good faith performance of the volunteer director's duties as such.

If, after the adoption of this Article, the Michigan Nonprofit Corporation Act is amended to further eliminate or limit the liability of a volunteer director or director, then a volunteer director of the corporation (in addition to the circumstances in which a director is not personally liable as set forth in the preceding paragraph) shall, to the fullest extent permitted by the Michigan Nonprofit Corporation Act, not be liable to the corporation or its directors or members, as so amended. No amendment to or alteration, modification, or repeal of this Article

5

shall increase the liability or alleged liability of any volunteer director of the corporation for or with respect to any acts or omissions of such director occurring prior to such amendment, alteration, modification, or repeal.

## ARTICLE XI

The corporation may assume the liability for all acts or omissions of a nondirector volunteer if all of the following are met:

(a) the volunteer was acting or reasonably believed he or she was acting within the scope of his or her authority;

(b) the volunteer was acting in good faith;

(c) the volunteer's conduct did not amount to gross negligence or willful and wanton misconduct;

(d) the volunteer's conduct was not an intentional tort; and

(e) the volunteer's conduct was not a tort arising out of the ownership, maintenance, or use of a motor vehicle for which tort liability may be imposed as provided in section 3135 of the insurance code of 1956, Act No. 218 of the Public Acts of 1956, being section 500.3135 of the Michigan Compiled Laws.

## ARTICLE XII

These Articles of Incorporation may be amended, altered, changed or repealed only by the affirmative vote of a majority of the Board of Directors of the corporation.

I, the Incorporator of this corporation, sign these Articles of Incorporation on JANUARY 13, 2005.

_William W Hall_
William W. Hall

**Preparer's name and business address and telephone number:**

William W. Hall
Warner Norcross & Judd LLP
111 Lyon Street, NW, Suite 900
Grand Rapids, Michigan 49503-2487
(616) 752-2143

**Name of person or organization submitting fees:**

Warner Norcross & Judd LLP
111 Lyon Street, NW, Suite 900
Grand Rapids, Michigan 49503-2487
(616) 752-2000
1028662-2

# B Y L A W S

## OF

## LIBERTARIAN PARTY OF MICHIGAN EXECUTIVE COMMITTEE, INC.

### ARTICLE I

### Purpose

The purpose for which the corporation is formed is to serve as the governing body and operational arm of the Libertarian Party of Michigan ("**LPM**"), the political party designated by the Libertarian National Committee as the affiliate of the Libertarian Party in the State of Michigan. More specifically, the corporation shall serve as the "Executive Committee" of the LPM, as described in the Bylaws of the LPM, as they may be amended from time to time ("**LPM Bylaws**"), and continue to carry on all functions presently exercised by or in the future delegated to the Executive Committee by the LPM, including, without limitation, the exercise of control and management of all the affairs, properties and funds of the LPM.

### ARTICLE II

### LPM Bylaws

The LPM Bylaws are incorporated by reference in these Bylaws. In the event of any conflict between the LPM Bylaws and these Bylaws, the LPM Bylaws shall take precedence.

### ARTICLE III

### Board of Directors

**Section 1. Election and Term of Office**. The incorporator has designated the existing Executive Committee (as defined in the LPM Bylaws) of the LPM as the initial board of directors. In the future, the directors shall be the members of Executive Committee, and thus shall be selected as provided in the LPM Bylaws.

**Section 2. Resignation and Removal**. A director may resign by written notice to the corporation Secretary. A director may be removed only as provided in the LPM Bylaws for the removal of a member of the Executive Committee.

**Section 3. Vacancies**. Directors then in office may fill a vacancy only as provided in the LPM Bylaws for replacing a member of the Executive Committee.

**Section 4. New Directors**. The corporation Secretary shall provide each new director with current copies of the Articles of Incorporation, bylaws, and other pertinent information regarding the organization and operation of the corporation.

**Section 5. Powers**. The board manages the corporation's business and may exercise all the corporation's powers.

**Section 6. Committees of Directors**. The board may appoint committees of directors.

**Section 7. Compensation-Related Limitations on Directors**. Directors shall serve without compensation.

# ARTICLE IV

## Directors' Meetings

**Section 1. Meetings**. Each regular meeting of the board shall be held at the time and place the board specifies at its regular meeting immediately preceding. No notice of such meeting to the directors is necessary. A board meeting may be held at a different time and place with the consent of a majority of the directors upon notice to all directors who did not consent.

**Section 2. Special Meetings**. The Chair, or a majority of the board, may call a special meeting of the board at any time upon notice to all directors.

**Section 3. Notice of Meetings**. Notice of a meeting or special meeting shall state the time, place, and purposes of the meeting and must be given to each director by one of the following methods:

    (a) by mailing a written notice of such meeting to such address as the director designates from time to time or, in the absence of designation, to the last known address of the director at least 5 business days before the date set for such meeting;

    (b) by personally delivering a written notice of such meeting to the director at least 2 business days in advance of such meeting;

    (c) by orally notifying the director of such meeting at least 2 business days in advance, either personally or by telephone; or

    (d) by transmitting notice of such meeting to the director at least 2 business days in advance:

        (i) by fax to the director's last known office or home or to such other location as the director designates from time to time, or

2

          (ii)    by electronic mail message to the director's last known electronic mail address or to such other electronic mail address as the director designates from time to time,

except that, if the transmitted notice is returned as undeliverable, a different permitted method of notification must be used.

      **Section 4.  Waiver of Notice of Meetings**.  A director's attendance at a meeting waives notice to the director of the meeting, except where the director attends the meeting for the express purpose of objecting to the transacting of any business because the meeting is not lawfully called or convened.  A director may waive in writing any right to notice before or after a meeting.

      **Section 5.  Quorum**.  A majority of the directors constitutes a quorum for the transaction of business.  The act of a majority of those directors present at any meeting at which there is a quorum is the act of the board, except as provided by law, the Articles of Incorporation, or these bylaws.

      **Section 6.  Voting Rights**.  Each director present in person at a board meeting is entitled to one vote.

      **Section 7.  Conduct of Meetings**.  Directors' meetings shall generally follow accepted rules of parliamentary procedure.  The presiding official has authority over matters of procedure and may adopt any other form of procedure suited to the business being conducted.

      **Section 8.  Action Without a Meeting**.  Unless otherwise provided by the Articles of Incorporation, any action may be taken without a meeting, prior notice, or vote if all directors consent to the action in writing.

      **Section 9.  Electronic Participation in Meeting**.  A director or a member of a committee may participate in a meeting by means of a conference telephone or similar communications equipment by means of which all persons participating in the meeting can hear each other.  Such participation in a meeting constitutes presence in person at the meeting.

## ARTICLE V

### Officers

      **Section 1.  Selection and Duties**.  The officers of the corporation shall consist of those selected as provided in the LPM Bylaws, and perform those duties set forth in the LPM Bylaws.  In addition, the board may appoint Assistant Treasurer(s), to the extent it deems such assistants necessary for the purpose of overseeing campaign finance reporting for separate campaign funds maintained by the corporation.

**Section 2.  Term, Removal, and Vacancies**.  An officer shall hold office for the term specified in the LPM Bylaws, or until the officer's death, resignation, or removal as provided in the LPM Bylaws.  An officer may resign by written notice to the corporation Secretary.  The resignation is effective upon its receipt by the corporation or at a later date specified in the notice.

## ARTICLE VI

## FINANCE

**Section 1.    Handling.**  The finances of the corporation shall be handled in accordance with the provisions of the Act and Law, and to the extent not inconsistent with the Act and Law, generally accepted accounting principles, consistently applied.

**Section 2.    Fiscal Year.**  The fiscal year of the corporation shall be an annual period commencing on such date as may be initially determined by the board.  The commencement date of the fiscal year shall be subject to change by the board for accounting reasons or other good cause.

**Section 3.    Depository.**  The funds of the corporation shall be deposited in such bank as may be designated by the board and shall be withdrawn only upon the check or order of such officers, employees or agents as are designated by resolution of the board from time to time.

## ARTICLE VII

### Indemnification

**Section 1.  Scope of Indemnity**.  The corporation shall indemnify its directors and officers against expenses (including attorneys' fees), judgments, fines, and amounts paid in settlement actually and reasonably incurred by them in connection with any actions or suits brought or threatened against them, including actions by or in the right of the corporation, by reason of the fact that such person was serving as a director or officer of the corporation, to the fullest extent permitted by the Michigan Nonprofit Corporation Act.  The corporation may indemnify persons who are not directors or officers to the extent authorized by resolution of the board of directors or by contractual agreement authorized by the board of directors.  A change in the Michigan Nonprofit Corporation Act, the Articles of Incorporation, or these bylaws that reduces the scope of indemnification shall not apply to any action or omission that occurs before the change.

**Section 2.  Authorization of Indemnification**.  Unless ordered by a court or otherwise provided by law, the corporation shall indemnify a person only upon determination that the person acted in good faith and in a manner the person reasonably believed to be in or not opposed to the corporation's best interests.  Such determination shall be made (1) by majority vote of a quorum of the board consisting of directors who were not parties to the action or suit, (2) if a quorum of disinterested directors is not obtainable, by a majority vote of a committee of directors

4

who were not parties to the action and consisting of not less than two disinterested directors, or (3) by independent legal counsel in a written opinion.

**Section 3. Insurance**. The corporation may purchase and maintain insurance on behalf of any person who is or was a director, officer, employee, nondirector volunteer, or agent of this corporation or is or was serving at the corporation's request in any other enterprise against any liability incurred in such capacity.

## ARTICLE VIII

### Dedication of Assets

**Section 1. Use of Funds**. The corporation's funds and property shall be used exclusively for the corporation's purposes set forth in the Articles of Incorporation. No part of the income or assets of the corporation shall inure to the benefit of any individual or director.

**Section 2. Dissolution and Liquidation**. If the corporation's purposes fail or if the corporation ceases to be approved as a political organization under Section 527 of the federal Internal Revenue Code, and any such defect is not cured by appropriate amendment, or in the event of voluntary dissolution, then all of the corporation's assets and accumulated income shall be distributed to the LPM, or if such organization does not then exist, to such other organizations as the directors (or in default of designation by the directors, the Circuit Court for the County of Kent, Michigan) designate as best accomplishing the purposes for which the corporation was formed. An organization receiving such distribution must be qualified as a political organization under Section 527 or as tax-exempt under Section 501(c)(3) or (4) of the federal Internal Revenue Code or the corresponding provisions of any subsequent federal tax laws. The corporation shall be dissolved after all its property has been so distributed.

## ARTICLE IX

### Amendments

The board may amend or repeal these Bylaws by vote of a majority of directors entitled to vote at any regular or special meeting.

## ARTICLE X

### COMPLIANCE

These Bylaws are set forth to comply with the requirements of the Michigan Campaign Finance Act and the Federal Election Campaign Act. In case any of these Bylaws conflict with the provisions of those laws, or any other applicable law or regulation, the provisions of those laws and the other applicable law or regulation shall be controlling.

I certify that the foregoing bylaws constitute all of the bylaws of this corporation current as of the date entered below.

Dated: _____, 2005

                                                                                             Thomas Quinn
Secretary

1040780-2