

FEDERAL ELECTION COMMISSION
Washington, DC  20463

November 17, 2016

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

ADVISORY OPINION 2016-17

William W. Hall, Esq.
Warner Norcross & Judd LLP
900 Fifth Third Center
111 Lyon Street, N.W.
Grand Rapids, Michigan 49503-2487

Dear Mr. Hall:

We are responding to your request on behalf of the Libertarian Party of Michigan Executive Committee, Inc. (the "Committee") regarding its status as the state committee of a political party under the Federal Election Campaign Act, 52 U.S.C. §§ 30101-46 (the "Act"), and Commission regulations.  The Commission concludes that the Committee qualifies as a state committee of a national political party.

*Background*

The facts presented in this advisory opinion are based on your advisory opinion request ("AOR") received on September 28, 2016, the Committee's articles of incorporation and bylaws attached thereto, public filings with the Commission, and public filings with the Michigan Secretary of State.

In 1975, the Commission determined that the Libertarian National Party ("LNP") was a national political party.  Advisory Opinion 1975-129 (National Committee of the Libertarian Party).  The Libertarian National Committee, Inc. ("LNC") is the national party committee of the LNP.  The LNC's Executive Director, Mr. Wes Benedict, has confirmed by letter that the Committee is a "chartered state-level affiliate part[y]" of the LNC.  AOR003.

The Committee "assisted in placing" Gary Johnson, a candidate for President, on the 2016 general election ballot in Michigan.  AOR001.  Mr. Johnson was listed on that general

election ballot in Michigan as a candidate of the Libertarian Party.[1]  Mr. Johnson received contributions or made expenditures in excess of $5,000 according to disclosure reports filed with the Commission.[2]

Pursuant to its articles of incorporation and bylaws, the Committee engages in various political party activities in Michigan.  *See generally* AOR005-014.  These activities include:  serving as "the governing body and operational arm of the Libertarian Party of Michigan . . . , the political party designated by the Libertarian National Committee as the affiliate of the Libertarian Party in the State of Michigan," AOR006; furthering the "principles of individual liberty as expressed in the Statement of Principles of the National Libertarian Party by nominating and working to elect candidates for political office and by entering into political information activities," AOR012; contributing funds to political committees, AOR006; and making independent or coordinated expenditures in support of or in opposition to candidates or other political activities.  *Id*.

The articles of incorporation and bylaws also provide for an Executive Committee, the members of which are elected by delegates at an annual convention.  AOR012-013; *see also* AOR006.  In addition to governing the affairs of the party, the Executive Committee supervises and manages conventions, at which nominations of candidates for public office are made.  AOR013-014.

*Question Presented*

*Does the Committee qualify as a state committee of a political party within the meaning of the Act and Commission regulations?*

*Legal Analysis and Conclusion*

Yes, the Committee qualifies as the state committee of a political party within the meaning of the Act and Commission regulations.

A "state committee" is an organization that, "by virtue of the bylaws of a political party . . . is part of the official party structure and is responsible for the day-to-day operation of the political party at the [s]tate level, . . . as determined by the Commission."  11 C.F.R. § 100.14(a); 52 U.S.C. § 30101(15).  A "political party" is an "association, committee, or organization that nominates a candidate for election to any federal office whose name appears on the election ballot as the candidate of such association, committee, or organization."  52 U.S.C. § 30101(16); 11 C.F.R. § 100.15.

The determination as to whether a state party organization qualifies as a state committee of a national political party turns on three elements:  (1) the national party with which the state party

---

[1]    Michigan Secretary of State, 2016 Michigan Candidate Listing, Oct. 17, 2016, http://miboecfr.nictusa.com/election/candlist/2016GEN_CANDLIST.html.

[2]    *See, e.g*., Gary Johnson 2016, FEC Report 3P at 2 (Sep. 20, 2016), http://docquery.fec.gov/cgi-in/fecimg?_201609209032026391+0 (showing net election cycle contributions totaling more than $7,921,000).

organization is affiliated must itself be a "political party;" (2) the state party organization must be part of the official structure of the national party; and (3) the state party organization must be responsible for the day-to-day operation of the national party at the state level.  *See, e.g.*, Advisory Opinion 2016-14 (11 Libertarian State Committees); Advisory Opinion 2015-01 (Green-Rainbow Party); Advisory Opinion 2012-39 (Green Party of Virginia).  The Commission therefore addresses each of these three elements in turn.

### *(1)   Qualification of the LNP as Political Party*

The national party, the LNP, must qualify as a "political party" under the Act and Commission regulations.  The Commission has previously determined that the LNP qualifies as a political party.  *See* Advisory Opinion 1975-129 (National Committee of the Libertarian Party).  The Commission is aware of no factual changes that would alter that conclusion.

### *(2)   Status of the Committee as Part of the Official Structure of the LNP*

To determine whether a state party organization is part of the official structure of a national party, the Commission evaluates documentation from the national party.  *See, e.g.*, Advisory Opinion 2016-14 (11 Libertarian State Committees); Advisory Opinion 2015-01 (Green-Rainbow Party); Advisory Opinion 2012-39 (Green Party of Virginia).  The letter from Mr. Wes Benedict, Executive Director of the LNC (AOR003)*,* confirms that the Committee is part of the official party structure of the LNP.

### *(3)   Responsibility of the Committee for Day-to-Day Operation of the LNP at the State Level*

To determine whether a state party organization is responsible for the day-to-day operations of a national party at the state level, the Commission considers:  (a) whether the state organization has placed a federal candidate on the ballot (thereby qualifying as a "political party" under 52 U.S.C. § 30101(16)); and (b) whether the bylaws or other governing documents of the state party organization indicate activity commensurate with the day-to-day functions and operations of a political party at the state level.  *See, e.g.*, Advisory Opinion 2016-14 (11 Libertarian State Committees); Advisory Opinion 2012-39 (Green Party of Virginia); Advisory Opinion 2012-36 (Green Party of Connecticut).

#### *(a)   Candidate on the Ballot*

Because an organization must place a federal candidate on the ballot to qualify as a "political party," *see* 52 U.S.C. § 30101(16); 11 C.F.R. § 100.15, an organization must obtain ballot access for a federal candidate to qualify as a "state committee" of a political party. *See* 52 U.S.C. § 30101(2); 11 C.F.R. § 100.3(a); Advisory Opinion 2016-14 (11 Libertarian State Committees); Advisory Opinion 2015-01 (Green-Rainbow Party); Advisory Opinion 2012-39 (Green Party of Virginia); Advisory Opinion 2012-36 (Green Party of Connecticut).

The Committee assisted in placing the LNP's nominee for President, Gary Johnson, on the 2016 general election ballot in Michigan.  AOR001.  Mr. Johnson received contributions or

made expenditures in excess of $5,000 according to disclosure reports filed with the Commission. Mr. Johnson therefore satisfies the Act's definition of a "candidate." *See* 52 U.S.C. § 30101(2); 11 C.F.R. § 100.3(a).

        *(b)      Day-To-Day Functions and Operations*

In addition to gaining ballot access for a candidate for federal office, the Committee must show, in its bylaws, constitution, or other governing documents, that it is responsible for activity commensurate with the day-to-day functions and operations of a political party at the state level.

Here, the articles of incorporation and bylaws establish the organizational structure of the Committee and describe the election process for, and responsibility of, party officers. They also set forth the Committee's responsibilities with respect to its role as the operational arm of the LNP, membership, fundraising, communications, and other party-related tasks.

These governing documents indicate activity commensurate with the day-to-day functions and operations of a political party at the state level and are similar to other state party rules that the Commission has found sufficient to qualify an organization for state-committee status. *See, e.g.*, Advisory Opinion 2016-14 (11 Libertarian State Committees); Advisory Opinion 2015-01 (Green-Rainbow Party); Advisory Opinion 2012-39 (Green Party of Virginia); Advisory Opinion 2012-36 (Green Party of Connecticut); Advisory Opinion 2010-22 (Working Families Party of Connecticut). Therefore, the Committee satisfies the requirement of being responsible for the day-to-day operation of the LNP at the state level pursuant to 52 U.S.C. § 30101(15) and 11 C.F.R. § 100.14(a).

    *Conclusion*

The Commission determines that the Committee qualifies as the state committee of a national political party under the Act and Commission regulations because: (1) The LNP qualifies as a political party; (2) the Committee is part of the official structure of the LNP; and (3) the Committee is responsible for the day-to-day operation of the LNP at the state level.

This response constitutes an advisory opinion concerning the application of the Act and Commission regulations to the specific transaction or activity set forth in your request. *See* 52 U.S.C. § 30108. The Commission emphasizes that, if there is a change in any of the facts or assumptions presented, and such facts or assumptions are material to a conclusion presented in this advisory opinion, then the requestor may not rely on that conclusion as support for their proposed activity. Any person involved in any specific transaction or activity which is indistinguishable in all its material aspects from the transaction or activity with respect to which this advisory opinion is rendered may rely on this advisory opinion. *See* 52 U.S.C. § 30108(c)(1)(B). Please note that the analysis or conclusions in this advisory opinion may be affected by subsequent developments in the law including, but not limited to, statutes,

regulations, advisory opinions, and case law.  Any advisory opinions cited herein are available on the Commission's website.

                                               On behalf of the Commission,

                                               Matthew S. Petersen
                                               Chairman