STATE OF MICHIGAN
WASHTENAW COUNTY CIRCUIT COURT

| | |
|---|---|
| COMERICA BANK | HON: Timothy P. Connors |
| Plaintiff | Case No. 23-000557-CB |
| v | |
| LIBERTARIAN PARTY OF MICHIGAN EXECUTIVE COMMITTEE, INC., JOSEPH BRUNGARDT, ANDREW CHADDERDON, MICHAEL SALIBA and ANGELA THORNTON aka ANGELA CANNY | |
| Defendants | |

STANCATO TRAGGE WELLS PLLC
Henry Stancato (P29538)
For Comerica Bank
PO Box 270
Grosse Ile, MI 48138-0270
(248) 731-4500
hstancato@stwlawfirm.com

FILED IN Washtenaw County Trial Court; 5/24/2023 10:02 PM

**FIRST AMENDED COMPLAINT**

Comerica Bank exercises its right to make a first amended complaint as follows:

**JURISDICTION, PARTIES AND VENUE**

1. This action constitutes a business or commercial dispute within the meaning of MCL 600.8031(c)(iii) because LPMEC is a nonprofit organization, and the claims arise out of that party's organizational structure, governance, or finances.

2. This is an action for interpleader relief under MCR 3.603 or, alternatively, for declaratory relief under MCR 2.605.

3. Comerica Bank, as stakeholder, seeks to interplead $38,233.30 belonging, on information and belief, to its former deposit customer, Libertarian Party of

      Michigan Executive Committee, Inc. ("LPMEC"). Comerica seeks this relief because a dispute among the individual defendants concerning which of them is legally authorized to take receipt of funds and instruments belonging to the corporate defendant leaves Comerica open to the risk of multiple liability.

4. Comerica Bank ("Comerica") is a Texas banking association authorized to conduct banking operations in Michigan. Comerica operates several branches in Washtenaw County.

5. LPMEC is a Michigan non-profit corporation with a registered office in Oakland County, Michigan.

6. Joseph "Joe" Brungardt is an individual who resides, on information and belief, in Macomb County, Michigan

7. Andrew Chadderdon is an individual who resides, on information and belief, in Wayne County, Michigan.

8. Michael "Mike" Saliba is an individual who resides, on information and belief, in Macomb County, Michigan.

9. Angela Thornton, also known as Angela Canny, is an individual who resides, on information and belief, in Genesee County, Michigan.

10. Venue in properly laid in Washtenaw County because the cause of action arose, in part, at a Comerica branch in Washtenaw County as described below.

## FACTUAL ALLEGATIONS

11. Before March 22, 2023, LPMEC was a deposit customer of Comerica with respect to five deposit accounts.

12. On or about February 13, 2023, Joe Brungardt was the sole signer of record for LPMEC deposit account xxx6457. At that time, Comerica's books and records reflected that Joe Brungardt was the LPMEC president.

13. On that date, Joe Brungardt signed documentation at Comerica branch 68 adding Mike Saliba and Angela Thornton as additional signers on account xxxx6457.

14. On or about February 22, 2023, Andrew Chadderdon appeared at a different Comerica branch (219) in Washtenaw County asserting that he, rather than Mr. Brundgardt, was the duly elected LPMEC president and seeking to substitute himself in place of the signers of record on account xxxx6457.

15. Comerica staff informed Mr. Chadderdon that it would not process his request without certification by the LPMEC treasurer as to his status as president.

16. At that time, publicly available information through the State of Michigan Department of Licensing and Regulatory Affairs Corporations Online Filing System ("LARA") indicated that the LPMEC treasurer was Joseph Ziemba.

17. On or about February 23, 2023, Joseph Ziemba certified to Comerica that Andrew Chadderdon was the LPMEC president. This certification was consistent with the publicly available information through LARA at the time which identified Mr. Chadderdon as the LPMEC president.

18. Accordingly, Comerica processed Mr. Chadderdon's request to be substituted as signer for LPMEC on all five of that corporation's deposit accounts as well as a change of address for the deposit customer. Then Mr. Chadderdon closed two existing deposit accounts to open two new successor deposit accounts in the name of LPMEC.

19. On or about March 9, 2023, Mike Saliba appeared at Comerica branch 68 to complain about having been removed as an account signer for LPMEC.

20. On the same date, an attorney named Nick Curcio transmitted a letter purporting to act as attorney for LPMEC and asserting on behalf of LPMEC that Andrew Chadderdon was not a LPMEC officer and that some of the LARA filings for LPMEC were fraudulent.

21. On March 10, 2023, Mike Saliba returned to Comerica branch 68 with newly filed LARA documentation that contradicted, in large part, the previously filed LARA materials that Comerica reviewed when processing Andrew Chadderdon's claim to be LPMEC president.

22. In reaction to this controversy, Comerica unsuccessfully attempted to reach Daniel Ziemba to determine whether he, in his capacity as LPMEC secretary, would certify the materials now being presented by Nick Curcio as proof that LPMEC had removed Andrew Chadderdon as president.

23. When this effort proved unsuccessful, Comerica decided to exercise its contractual right to terminate its deposit relationship with LPMEC.

24. To execute its decision terminating the deposit relationship with LPMEC, Comerica issued cashier's checks as follows representing the closing balances for each of the four deposit accounts with positive balances (Account xxx9283 was at zero balance at this time):

| Account No | Cashier's Check No | Amount |
|---|---|---|
| xxx6457 | 001684797 | $21,839.69 |
| xxx6465 | 001684795 | 7,476.75 |
| xxx6440 | 001684796 | 7,989.47 |
| xxx4602 | 001684794 | 927.39 |
| | **Total:** | **$38,233.30** |

25. On or about March 22, 2023, Comerica mailed the cashier's checks to 30005 Malvern St. Westland, Michigan which was the address of record on Comerica's books at that time for LPMEC. On information and belief, this is an address at which Andrew Chadderdon receives mail.

26. On information and belief, defendants Brungardt, Saliba and Thornton contest whether delivery of the cashier's checks to the address provided by Chadderdon constitutes payment by Comerica of its debt to LPMEC.

27. As of this date, none of the cashier's checks had been presented to Comerica for payment.

## COUNT I-INTERPLEADER

28. As a matter of law, a deposit relationship between a bank and its depositor is a debtor/creditor relationship in which the bank is indebted to its depositor for the amount of the deposit balance.

29. Comerica does not contest that it is indebted to LPMEC in the amount of $38,233.30.

30. Termination of Comerica's deposit relationship with LPMEC requires, therefore, that Comerica discharge its debt by payment of this deposit balance to LPMEC.

31. The competing, mutually exclusive claims by the individual defendants make it impossible for Comerica to identify which of them is authorized to endorse and negotiate instruments payable to the order of LPMEC.

32. If Comerica unilaterally refuses to honor the any of the cashier's checks, then Comerica incurs the risk of liability for expenses, interest and consequential damages under UCC 3-411; MCL 440.3411(2)

33. Comerica, on the other hand, has no independent means for assessing the reliability of representations of the individual defendants who challenge Mr. Chadderdon's authority to take possession of the cashier's checks on behalf of LPMEC.

34. There is no mechanism available, therefore, for LPMEC to make a facially valid declaration of loss and claim under UCC 3-312; MCL 440.3312.

35. Without judicial relief, Comerica is unable to protect itself from the risk of multiple liability.

36. Accordingly, Comerica seeks interpleader relief under MCR 3.603 and proposes to interplead an amount equal to LPMEC's aggregate closing deposit balance less whatever amount this Court may award under MCR 3.603(E) as reimbursement for stakeholder expenses and fees.

37. In order to preserve the possibility for complete relief while this Court considers the merits of the individual defendants' competing claims, an order restraining negotiation and payment on the cashier's checks is appropriate under UCC 3-602; MCL 440.3602(5)(a).

## COUNT II DECLARATORY RELIEF

38. Alternatively, Comerica seeks declaratory relief under MCR 2.605.

39. Comerica has become involuntarily entangled in an actual controversy among the individual defendants concerning which of them is authorized to function as an LPMEC officer.

40. This Court otherwise has jurisdiction over this dispute on the basis of its power to grant interpleader and other equitable relief.

41. Comerica seeks a declaratory judgment that identifies who is entitled to take custody LPMEC's deposit balance from Comerica.

### COUNT III

42. All of the defendants except Andrew Chadderdon have filed a counterclaim asserting that Comerica is liable for the amount of draws against LPMEC's deposits during the time that Andrew Chadderdon acted as sole signer for LPMEC.

43. When he files a responsive pleading, Andrew Chadderdon may make a corresponding claim against Comerica arising out of any draws made by the other individual defendants while they acted as signers for LPMEC.

44. Comerica contests whether it should be held liable to reimburse any of the defendants for any draws made by any of the individual defendants.

45. In the event, however, that Comerica is held liable for honoring any draw authorized by any individual defendant, then Comerica ask for a corresponding award of damages against that individual defendant.

WHEREFORE, Comerica Bank ask for the following relief:

A. Interpleader relief:

   1. An order enjoining Comerica from paying, and all of the defendants from endorsing or negotiating, the cashier's checks issued by Comerica payable to the order of LPMEC. (Check Nos 001684794, 001684795, 001684796 and 001684797)

   2. As award under MCR 3.603(E) of Comerica's actual costs as stakeholder.

   3. An order requiring Comerica to deposit with the Clerk of this Court the difference between the interpleader stake (i.e., $38,233.30) and the MCR 3.603(E) award.

   4. An order dismissing Comerica Bank with prejudice upon completion of its obligation to tender the interpleader stake to the Clerk of this Court.

B.    Declaratory judgment: As an alternative to interpleader relief, an adjudication of the controversy among the individual defendants that identifies which parties to whom Comerica Bank may deliver the aggregate deposit balance owned by Comerica to LPMEC.

C.    An award of money damages along with an award of attorney fees, expenses, and costs in addition to whatever additional interest, penalties and sanctions may be allowed by law or court rule.

Date: May 23, 2023                        Stancato Tragge Wells PLLC
/s/ Henry Stancato (P29538)
Attorneys for Comerica Bank
PO Box 270
Grosse Ile, MI 48138-0270
(248) 731-4500
hstancato@stwlawfirm.com