| | |
|---|---|
| **Subject:** | Re: LNC v Saliba et al. |
| **Date:** | Monday, June 12, 2023 at 6:09:14 PM Eastern Daylight Time |
| **From:** | Joseph Zito |
| **To:** | Nick Curcio |
| **CC:** | Clifford D. Hyra |
| **Attachments:** | image001.png, DRAFT joint Submission Stip and Judgement.pdf |

Nick:

Defendants were given multiple opportunities to resolve these issues within the rules of the Party before getting to this point.  These issues were decided by their own Judicial Committee mid-December 2022. The Defendants petitioned for a special convention that would have voted on business that would effectively overturn the Judicial Committee decision that they did not like.  That convention was set for April 1, 2023.  Several of the defendants were involved in the site planning and setting.  At the end of January 2023, Defendants instead formed their own rogue board and decided they could unilaterally ignore the Judicial Committee's decision made under their own bylaws and set a competing illegitimate convention for April 1, 2023.

During this period of time, they were urged to just to go the April 1, 2023, convention and win the positions they wanted under the Party rules if they had the votes and support to do so.  If they did not win, that is just how politics go.         The Defendants realized that the LNC did not recognize their rogue board and if they believed that decision was in error as a "constructive disaffiliation" (a cause which has been recognized in the Party for well over a decade), they could have appealed to the national Judicial Committee.  The latest date for their automatic appeal was March 18, 2023.  They chose not to.

All throughout this time, they had ample opportunity to resolve and were urged to.  Secretary Harlos personally wrote Mr. Saliba to advise him of his appeal rights under the national Bylaws.

We have provided the terms necessary for settlement without the LNC seeking any damages against the Defendants.  SEE ATTACHED  If this case continues, the LNC will seek damages.  This is a limited time "walk away" offer which will have to be approved by a vote of the LNC if the Defendants wish to accept.  My client has instructed me to inform you that the Defendants can always re-integrate into the recognized Michigan affiliate and try to win the proper way, within the rules, at properly called conventions.  Or they can start a competing political party not using the LNC's trademarks.

Altering the above is not possible because compromising member rights is not in the power of the LNC or the LPM.  The LNC also cannot violate its bylaws or risk its ballot access for Michigan or other states through a waterfall effect without potentially violating its fiduciary duty to its membership.

It is understood that the Defendants think these issues will be decided by the Comerica suit.  That case will have no authority to tell the LNC who can use its trademarks or to identify its affiliate.  It can merely decide who is entitled under a very limited scope of an agreement with a banking institution to deposits.  It cannot adjudicate bylaws violations or internal party disputes over Party leadership - that is internal and resolved.  It cannot decide who is entitled to the name - only the funds.  The LNC has already recognized the Chadderdon board and to "unrecognize" them would require active or constructive disaffiliation (active disaffiliation of the Chadderdon board would require a 2/3 vote of the entire LNC which is extraordinarily unlikely), and there is no guarantee that considering the atrocious behavior of the Defendants that the LNC would recognize them instead, but

would have the option of simply disaffiliating everyone--thus the trademark issue remains as the LNC would start a new affiliate who would then be entitled to use the LNC's trademarks.  Thus, the Comerica case has little to no bearing on these issues.

It is also understood through public posts of Mr. Saliba that he believes that they have ballot access.  Defendants do not.


Joseph J. Zito
STEIN IP
Direct Dial 202-466-3500