# ROBERT'S RULES OF ORDER
# NEWLY REVISED

## 12TH EDITION



**GENERAL HENRY M. ROBERT**
*U.S. Army*

*A New and Enlarged Edition by*
SARAH CORBIN ROBERT
HENRY M. ROBERT III
WILLIAM J. EVANS
DANIEL H. HONEMANN
THOMAS J. BALCH
DANIEL E. SEABOLD
SHMUEL GERBER

**PUBLIC**AFFAIRS
New York

1

Case 5:23-cv-11074-JEL-EAS   ECF No. 16-21, PageID.803   Filed 07/10/23   Page 2 of 6

pro tem to hold office beyond the current session (in the event of illness or disability of both the regular presiding officer and his alternate), notice must be given at the preceding meeting or in the call of the meeting that elects him. One session may not interfere with the freedom of each new session to choose its own chairman pro tem except by an election held with previous notice (10:44–51).

# §9. PARTICULAR TYPES OF BUSINESS MEETING

## Regular Meeting

9:1        The term *regular meeting* (or *stated meeting*) refers to a periodic business meeting of a permanent society, local unit, or board, held at weekly, monthly, quarterly, or similar intervals, for which the day (as, "the first Tuesday of each month") should be prescribed by the bylaws and the hour and place should be fixed by a standing rule.

9:2        If, instead, an organization follows the practice of setting the day, hour, or place of its regular meetings by resolution, notice (also referred to as the call of the meeting) must be sent to all members a reasonable time in advance of each regular meeting.

9:3        In any organization, notice must be sent a reasonable time in advance of each regular meeting that is separated by more than a quarterly time interval (see 9:7 below) from the previous regular meeting. Notice must also be sent a reasonable time in advance of a convention of delegates. In many organizations, a call is sent to all members in advance of each meeting.

9:4        In all such cases, to avoid uncertainty about what notice in advance is reasonable, the specific number of days required—which will depend on the conditions of the particular assembly and which each organization must decide for itself—should be prescribed in the bylaws (56:11). If not otherwise provided in the bylaws, the number of days is computed by counting all calendar days (including holidays and

weekends), excluding the day of the meeting but including the day the notice is sent.

When notice is required to be sent, unless a different standard is specified that requirement is met if written notice is sent to each member either:

a) by postal mail to the member's last known address; or
b) by a form of electronic communication, such as e-mail or fax, by which the member has agreed to receive notice.

Each regular meeting normally completes a separate session, as explained in 8:4 (see *Adjourned Meeting*, 9:17–19 below, however). Some societies have frequent meetings for social or cultural purposes at which business may be transacted, and also hold a session every month or quarter especially for business. In such societies, the term *regular meeting* applies particularly to the regular business session.

Important rules relating to the continuance of a question from one session to the next depend on whether *no more than a quarterly time interval* intervenes between the two sessions. In this book, it is understood that no more than a quarterly time interval intervenes between two sessions if the second session begins at any time during or before the third calendar month after the calendar month in which the first session ends. For example, with reference to a session held in January, no more than a quarterly time interval has elapsed since the previous session if that session ended on or after October 1st of the preceding calendar year; and no more than a quarterly time interval will elapse before the next session if that session will begin on or before April 30th of the current year.

If two business sessions are separated by *more than a quarterly time interval*—or if the term of a specified portion of the membership expires before the start of the later session (as may happen in an elected legislative assembly or in a board)—then business can go over from the earlier session to the later one only by means of referral to a committee (13).

9:9  If two consecutive regular business sessions are separated by *no more than a quarterly time interval*, then—provided that there is no specified portion of the membership whose term expires before the start of the later session—there are several ways in which business can go over from the earlier session to the later one:[3]

1) by being postponed to, or otherwise set as a general or special order for, the later session (see **14, 41**);
2) by being laid on the table (**17**) at the earlier session and taken from the table (**34**) before that session adjourns;
3) by going over to the later session as unfinished business as an unfinished special order (see 21:7(b), 41:18–23);
4) by being the subject of a motion to *Reconsider* (**37**) that is not finally disposed of at the earlier session; and
5) by being referred to a committee (**13**) that can report at the later session.

9:10  The only way for business to be carried over directly from one session to some later regular session *beyond* the next regular business session is by being referred to a committee that will report at that later session.

9:11  When a question is carried over from one session to another by any of the above processes, it remains *within the control of the assembly* as a question that has been *temporarily, but not finally, disposed of.*

9:12  Any business that falls within the objects of the society as defined in its bylaws (or, in the case of a board, any business within the authority of the board) can be transacted at any

---

3. It should be noted that if some, but not all, of an organization's regular business sessions are separated by no more than quarterly time intervals, it is only between meetings which are that close together that a question can go over from one session to the next by any means other than referral to a committee. If a society holds regular monthly business meetings from September through May, for example, but does not meet during the summer, a question can be postponed until the next meeting at any of the meetings from September through April, but such a question cannot be postponed at the May meeting until the September meeting.

---

regular meeting (provided that the parliamentary rules relating to action already taken, or to matters not finally disposed of and remaining within the control of the assembly, are complied with in cases where they apply; compare 10:26–27; see also **35** and **38**).

### Special Meeting

9:13  A *special meeting* (or *called meeting*) is a separate session of a society held at a time different from that of any regular meeting, and convened only to consider one or more items of business specified in the call of the meeting. Notice of the time, place, and purpose of the meeting, clearly and specifically describing the subject matter of the motions or items of business to be brought up, must be sent to all members a reasonable number of days in advance. The reason for special meetings is to deal with matters that may arise between regular meetings and that require action by the society before the next regular meeting, or to dedicate an entire session to one or more particular matters.[4] As in the case of a regular meeting, the session of a special meeting in an ordinary society is normally concluded in a single meeting, unless the assembly at the special meeting schedules an adjourned meeting (see below).

9:14  Special meetings can properly be called only (a) as authorized in the bylaws (see 56:36); or (b) when authorized by the assembly itself, as part of formal disciplinary procedures, for purposes of conducting a trial and determining a punishment (see 63:21n9). A section of the bylaws that authorizes the calling of special meetings should prescribe:

1) by whom such a meeting is to be called—which provision is usually in the form of a statement that the president (or, in large organizations, the president with the approval of

---

4. When a special meeting intervenes between two regular meetings, that does not affect the rules governing whether and how business can go over from the earlier regular meeting to the later regular meeting.

3) A *Call for the Orders of the Day* can be renewed after dispo[sal] of the business that was taken up when the assembly refu[sed] to proceed to the orders of the day.

4) A motion to *Adjourn* or to *Recess* can be renewed a[fter] material progress in business or in debate—such as an [im]portant decision or speech. A vote on a motion to *Rece[ss]* to *Lay on the Table* is not business of a character to ju[stify] renewal of a motion to *Adjourn*; and a vote on any of [these] three motions is not sufficient business to allow renew[al of] either of the others.

5) Motions to close nominations or the polls can be rene[wed] after progress in nominations or voting has been such a[s to] make them essentially new questions.

## Conditions That May Impede Renewal at a Later Session

*38:8* **Main Motions That Go Over to Another Session; Motions [With]in the Control of the Assembly, Because Not Finally Dispos[ed of.]** Referring to the second general principle stated in [38:1, a] main motion that was introduced but not adopted durin[g a] session can, except as noted in this paragraph, be rene[wed at] any later session unless it has become absurd. Such exc[eptions] occur only through one of the processes by which, fro[m one] session to another, a main motion can remain *within the [control] of the assembly* (that is, *temporarily, but not finally, dispos[ed of],* so that *the same* motion can be considered at the late[r session.] Four of these processes (numbered 1 through 4 belo[w) may] arise only in cases of organizations where no more than [a quar]terly time interval (see 9:7) will elapse until the nex[t regular] session. In such societies, a main motion cannot be [renewed] during the next session after a session at which it wa[s:]

1) postponed to, or otherwise set as a general or spec[ial order] for, the next session (**14, 41**);

2) allowed to go over to the next session as unfinish[ed busi]ness or as an unfinished special order (see 21:7(b), [41:16;] 41:21–24);

3) laid on the table and not taken from the table (**17, 34**); or

4) the subject of a motion to *Reconsider* (**37**) that was made but not finally disposed of.

Also, in any assembly:

5) a main motion that has been referred to a committee cannot be renewed until after the session at which the assembly finally disposes of the main motion—after the committee has reported it back or has been discharged from its consideration (**36**).

**Nonrenewability of Unsustained Objection to the Consideration of a Question.** An unsustained *Objection to the Consideration of a Question* (**26**) cannot be renewed in connection with the same main motion—even at a later session if the main motion goes over to that session through one of the processes stated immediately above. By deciding to consider the question, the assembly has already begun its involvement, and it is too late to make an objection. But if an original main motion is finally disposed of at one session without being adopted and is renewed at a later session, it is then a new motion and its consideration can be objected to, subject to the usual rules.

# §39 DILATORY AND IMPROPER MOTIONS

## Dilatory Motions

A motion is *dilatory* if it seeks to obstruct or thwart the will of the assembly as clearly indicated by the existing parliamentary situation.

Parliamentary forms are designed to assist in the transaction of business. Even without adopting a rule on the subject, every deliberative assembly has the right to protect itself from the dilatory use of these forms.

Any main or other motion that is frivolous or absurd or that contains no rational proposition is dilatory and cannot be introduced. As further examples, it is dilatory to obstruct

business by appealing from a ruling of the chair on a ques[tion]
about which there cannot possibly be two reasonable opin[ion]
by demanding a *division* (29) on a vote even when there
been a full vote and the result is clear, by moving to lay o[n]
table the matter for which a special meeting has been ca[lled]
by constantly raising points of order and appealing from
chair's decision on them, or by moving to adjourn again
again when nothing has happened to justify renewal of
a motion. By use of such tactics, a minority of two or [the]
members could bring business to a standstill.

*39:4*     It is the duty of the presiding officer to prevent me[mbers]
from misusing the legitimate forms of motions, or abus[ing the]
privilege of renewing certain motions, merely to obstruct
ness. Whenever the chair becomes convinced that one o[f the]
members are repeatedly using parliamentary forms for d[ilatory]
purposes, he should either not recognize these mem[bers or]
he should rule that such motions are not in order—[he]
should never adopt such a course merely to *speed up* bu[siness],
and he should never permit his personal feelings to
judgment in such cases. If the chair only *suspects* that a
is not made in good faith, he should give the ma[ker of the]
motion the benefit of the doubt. The chair should al[ways be]
courteous and fair, but at the same time he should b[e firm in]
protecting the assembly from imposition.

## Improper Motions

*39:5*     Motions that conflict with the corporate charte[r, constitu]-
tion, or bylaws of a society, or with procedural rules
by national, state, or local laws, are not in order,[1] and i[f a mo]-
tion of this kind is adopted, it is null and void. Lik[ewise,]
from motions to *Rescind* or to *Amend Something [Previously]
Adopted* (35), motions are not in order if they c[onflict with]
one or more motions previously adopted at any [time and still]
in force. Such conflicting motions, if adopted, ar[e null and]

---

1. However, see 10:26(1) and the footnote there for exceptions.

unless adopted by the vote required to rescind or amend the
motion previously adopted.

Motions are also improper when they present practically the
same question as a motion previously decided at the same ses-
sion. In addition, motions are improper that conflict with, or
present practically the same question as, one still within the con-
trol of the society because not finally disposed of (see 9:7–11,
38:8). If a conflicting motion were allowed in such cases, it
would interfere with the freedom of the assembly in acting on
the earlier motion when its consideration is resumed.

No motion can be introduced that is outside the object of the
society as defined in the corporate charter, constitution, or by-
laws (see 56:18), unless by a two-thirds vote the assembly agrees
to its consideration (see 10:26(2)). Except as may be necessary
in the case of a motion of censure or a motion related to disci-
plinary procedures (61, 63), a motion must not use language
that reflects on a member's conduct or character, or is discour-
teous, unnecessarily harsh, or not allowed in debate (see 43).

The individual replacement of persons who may occavacate board membership at other times, however, dhave these effects.

# §50. COMMITTEES

50:1 A committee, as understood in parliamentary law, of one or more persons, elected or appointed by (or btion of) an assembly or society, to consider, investtake action on certain matters or subjects, or to do all things. Unlike a board, a committee is not itself consbe a form of assembly.

50:2 Although the term *committee* commonly implies small number of persons appointed to give a task moattention than is possible in a body the size of the assecharacteristic more accurately describes what are know*nary committees.* An assembly can also designate all ofbers present to act as a committee, which is called a*of the whole* and is distinguished from an ordinary coIn large assemblies, the use of a committee of the whconvenient method of considering a question when itto allow each member to speak an unlimited numberin debate. Committees of the whole are treated sepa**52.** The statements in this section apply principallycommittees.

50:3 Ordinary committees are of two types—*standintees* (which have a continuing existence) and *special*(which go out of existence as soon as they have cospecified task).

50:4 Generally the term *committee* implies that, withinof its assigned responsibilities, the committee hasity to act independently for the society (or otherpower) than a board is usually understood to havethe committee is to do more than report its findommendations to the assembly, it may be empowfor the society only on specific instructions; or,

standing powers, its actions may be more closely subject to review than a board's, or it may be required to report more fully. Also, unlike most boards, a committee in general does not have regular meeting times established by rule; but meetings of the committee are called as stated in 50:21–22. Some standing committees, however—particularly in large state or national organizations—function virtually in the manner of boards, although not designated as such.

When a committee is appointed "with power," this means with power to take all the steps necessary to carry out its instructions.

In large assemblies or those doing a great volume of business, much of the preliminary work in the preparation of subjects for consideration is usually done by committees. In many such bodies, in fact, it is advisable to have every main question go to a committee before final action on it is taken by the assembly.

*Standing committees* are constituted to perform a continuing function, and remain in existence permanently or for the life of the assembly that establishes them. In an ordinary society, the members of such a committee serve for a term corresponding to that of the officers, or until their successors have been chosen, unless the bylaws or other rules otherwise expressly provide. Thus, a new body of committee members is normally appointed at the beginning of each administration.

A standing committee must be constituted by name (a) by a specific provision of the bylaws or (b) by a resolution which in effect a special rule of order and therefore requires for its adoption either previous notice and a two-thirds vote or a vote of a majority of the entire membership, if any of the following conditions are to apply:

• if the committee is to have standing authority to act for the society on matters of a certain class without specific instructions from the assembly;

• if all business of a certain class is to be automatically referred to the committee; or

6