IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| LIBERTARIAN NATIONAL COMMITTEE, INC., <br> Plaintiff, <br> v. <br><br> MIKE SALIBA, et. al. <br> Defendants | CIVIL ACTION NO.: <br><br> 23-cv-11074 <br><br> Hon. Judith E. Levy |

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff, the Libertarian National Committee, Inc. ("LNC"), respectfully replies to Defendants' Response. Defendants' Response confirms the need for this Court to issue a preliminary injunction before more harm to the Libertarian Party occurs. Throughout their entire Response, Defendants expressly state their active, aggressive intent and concerted efforts to irreparably damage the Libertarian Party brand by posing as the Libertarian Party.

**Political Speech -** Defendants have a right to express their political opinions about the Libertarian Party or any other party, as pointed out in Defendants' case citations in their brief, but they must properly identify themselves, not deceive the public as to the source of those opinions. Defendants' use of "Libertarian Party" as the **name** of their organization is not the expression of a political opinion and is thus is not political speech, it is simply a misdirection as to the origin of

-1-

Defendants' political speech.[1] All of the case law relied upon by Defendants makes this distinction, *i.e.*, using a party name to identify the party being critiqued is political free speech, however, identifying as that party by using that party's trademark to self-identify your own group is not free nor political speech, it is trademark infringement.

The Defendants in their case citations are conflating political opinions with political party names. The first is protected by free speech, the second is protected by Trademark. Defendants' reliance upon *Buckley v. Valeo*, 424 U.S. 1 (1976) is misplaced. Buckley concerns third parties contributing to and soliciting contributions to political campaigns, not falsely identifying themselves as the campaign organizations themselves. Political parties have the right to "identify the people who constitute the association, and to limit the association to those people only." *Democratic Party of United States v. Wisconsin ex rel. La Follette,* 450 U.S. 107, 122 (1981). *Buckley* at 632 also expressly stated that "The First Amendment

---

[1]Defendants, throughout their response, admit that they are using "Libertarian Party" as a name, not as political speech. (*see* Defendants' Response at PageID.612: ". . . a contractual right to use the name "Libertarian Party". . ." and at PageID613: ". . . Defendants use of the name "libertarian party". . ." and "defendants from using the name "Libertarian Party"...")

protects political association as well as political expression."

Defendants also improperly conflate "commercial activity" with for profit organizations. No such requirement exists in trademark law, all manner of non-profit, altruistic, philanthropic and political organizations, are entitled to trademark protection. The right to enjoin infringement "is as available to public service organizations as to merchants and manufacturers." *N.A.A.C.P. v. N.A.A.C.P. Legal Defense and Educ. Fund,* 559 F. Supp. 13 37, 1342 (D.D.C. 1983), *rev'd on other grounds,* 753 2.d 131 (D.C. Cir.), *cert. denied*, 472 U.S. 1021 (1985).

The common-sense approach taken in *United We Stand America, Inc. v. United We Stand America New York, Inc.*, 128 F.3d 86 (2d Cir. 1997) (citing to *Tomei v. Finley,* 512 F. Supp. 695, 698 (N.D. Ill. 1981) (PI issued because of strong likelihood of confusion resulting from political party's use of acronym designed to deceive voters into thinking the candidate was of the opposing political party) demonstrates the unreasonableness of Defendants position:

> A political organization that adopts a platform and endorses candidates under a trade name performs the valuable service of communicating to voters that it has determined that the election of those candidates would be beneficial to the objectives of the organization.... If different organizations were permitted to employ the same trade name in endorsing candidates, voters would be unable to derive any significance from an endorsement, as they would not know whether the endorsement came from the organization whose objectives they shared or from another organization using the same name. Any group trading in political ideas would be free to distribute publicity statements, endorsements, and position papers in the name of the

"Republican Party," the "Democratic Party," or any other. The resulting confusion would be catastrophic, voters would have no way of understanding the significance of an endorsement or position taken by parties of recognized major names. The suggestion that the performance of such functions is not within the scope of "services in commerce" seems to us to be not only wrong but extraordinarily impractical for the functioning of our political system.

If "political speech" allowed anyone or any group to pose as the Libertarian Party or the Democratic Party or the Grand Old Party, this would eliminate the meaning of political parties. In addition, the Defendants' position on contract rights in their brief is at odds with their stated position on free political speech. If any group can identify as The Libertarian Party, then what "contractual right" could be possessed by Defendants?

**Contractual Rights -** This case is not about which group is the "rightful" LPM, this argument is raised by Defendants simply to distract from the fact that an unlicensed group is using Plaintiff's trademark. The LNC owns the trademarks, and thus the LNC has the right to decide who is licensed. Defendants admit that they were specifically placed on notice by the LNC on February 16, 2023. (*see* Response Brief PageID.627) Defendants' "disclaimer" (Brief at PageID.630) also makes clear that Defendants knowingly acknowledge that they are proceeding without license recognition from the LNC. The actions of the Defendants in continuing to hold themselves out as the Libertarian Party of Michigan is

infringement for which their excuses e.g. "LPM . . . set up the michiganlp.net website . . . was necessary because [the recognized group controlled] michiganlp.org." (Brief at PageID.629), are not legal justification. Defendants have every right to "defend the rights of libertarians across the country from national overreach" (Brief at PageID.631) but must do so without using the Libertarian Party trademark to identify their group.

As set forth in detail in the Second Declaration of Caryn Ann Harlos [*see* Exhibit 43], the Defendants' claim that their personal individual membership in the legitimate affiliate entitles them to use the Plaintiff's Trademark is without merit and ignores the established internal rules of the Libertarian Party. The LPM which presently exists under the leadership of Mr. Chadderdon is the same affiliate that has existed continuously since 1972. [*see* Exhibit 42, Declaration of Angela McArdle, and Exhibit 43, Second Declaration of Caryn Ann Harlos]. The alleged internal dispute over the elected leadership of the properly recognized affiliate has no bearing on trademark infringement and is not justification for forming a rogue group and infringing the LNC trademarks to confuse the voting public.

**Likelihood of Confusion -** Defendants concede confusion by their own description of the education program they have engaged in to combat and simultaneously create confusion. Defendants' own false claim (Brief at

-5-

PageID.630) "The Libertarian Party of Michigan is the state-level affiliate of the Libertarian Party" followed by the admission "Notably, the Libertarian National Committee (LNC), which is the governing arm of the Libertarian Party at the national level, has thrown its support behind Mr. Chadderdon," itself causes confusion.  Defendants claim that they are, and then admit that they are not, the recognized "Libertarian Party" of Michigan.  The attached declarations of Chadderdon and Harlos [Exhibits 41 and 43] detail additional instances of actual confusion.

**Equities / public interest -** Defendants' first equities assertion improperly narrows the relevant public to "donors."  The relevant pubic is voters, Libertarian, undecided, Democratic and Republican.  All of these voters will be misled as to the positions and platform of the true "Libertarian Party" if Defendants are allowed to continue to confuse the public.  The Libertarian party, as set forth in the moving papers has a National recognition and the vast majority of the relevant public is likely to be confused by Defendants infringing use of the name.

Defendants' second argument is an appeal to the court to allow the Defendants to continue to profit from their improper use of Plaintiff's name.  If Defendants had a legitimate argument in the "governance dispute" a PI would have no negative effect.  Defendants have already informed their members that the

-6-

National Party does not recognize them.  A PI would simply confirm this statement.  Defendants already recognize that claiming a right to use the National party mark is a false claim.  There is no equity in allowing Defendants to continue to infringe.

Defendants have the public interest backwards.  The public is served by accuracy in naming the source of public speech, especially political speech.  The public is harmed by confusion, *i.e.*, when two separate entities claim to be speaking for the "Libertarian Party" especially when both acknowledge that only one of those groups is actually officially recognized by the National Libertarian Party.

## CONCLUSION

Defendants' admitted intent to continue to improperly hold themselves out and publish their own political views as the official political views of the Libertarian Party, especially at the beginning of a national election cycle, must be enjoined to prevent irreparable harm.

Respectfully Submitted,                July 22, 2023

   /s/ Joseph J. Zito
Joseph J. Zito, FRESH IP PLC
1250 Connecticut Avenue, NW, #700
Washington, DC 20036
jzito@steinip.com, (202) 466-3500
*ATTORNEYS FOR PLAINTIFF  Libertarian National* Committee, Inc.

CERTIFICATE OF SERVICE

The undersigned hereby certifies that the forgoing Reply to Response To Motion for Preliminary Injunction and accompanying Declarations, and Exhibits was filed on July 22, 2023 with the United States District Court for the Eastern District of Michigan through the CM/ECF system, and that all counsel of record were served by the CM/ECF System.

Respectfully Submitted:

 /s/ Joseph J. Zito
Joseph J. Zito