**Josh Martin** <jcmartin7872@gmail.com>  Wed, Dec 21, 2022 at 12:41 PM
To: Andrew Chadderdon <andrew.chadderdon@gmail.com>
Cc: Angela Thornton Canny <AngelaT0763@gmail.com>, Rlichard Brown <richardbrown02@hotmail.com>

>>Since candidate nominations clearly could be done at a regular convention, why would it be then necessary for the bylaws to call for a candidate nominating convention if not to exclude other business.<<

Because, as you have yourself indicated, the bylaws (perhaps unwisely) use the phrase "regular state convention" in several places to refer to the convention held in odd-numbered years at which officers are elected. So the purpose of "candidate nominating convention" may have simply been used to differentiate this convention from the convention at which officers are elected. If the organization had instead used "regular state convention" in this sentence, this would have the effect of shortening the officer's terms, unless other portions of the bylaws were rewritten.

As you suggest, it *may* also have been the intention of the drafters that this is the only business which can be conducted at such a convention. I think that is a reasonable interpretation, but I do not personally agree with it.

>>My goal to pursue the question beyond the decision in the party is that members are using your opinion to state that the decision was incorrect and my concern is for a potential fracture of the organization that i hope to avoid.<<

Well, since apparently my words are of such great import, I would state that RONR is quite clear that "Each society decides for itself the meaning of its bylaws. When the meaning is clear, however, the society, even by a unanimous vote, cannot change that meaning except by amending its bylaws. An ambiguity must exist before there is any occasion for interpretation. If a bylaw is ambiguous, it must be interpreted, if possible, in harmony with the other bylaws. The interpretation should be in accordance with the intention of the society at the time the bylaw was adopted, as far as this can be determined. Again, intent plays no role unless the meaning is unclear or uncertain, but where an ambiguity exists, a majority vote is all that is required to decide the question. The ambiguous or doubtful expression should be amended as soon as practicable." RONR (12th ed.) 56:68

I think there is no doubt, given the extensive discussion on this topic, that the rules in question are ambiguous and therefore subject to interpretation. As a parliamentarian, my role is simply to provide advice. The organization is the ultimate judge on these matters, and the organization's interpretation on this matter is the last word and is "correct" as a parliamentary matter, even although that decision may not agree with my advice. If I were the parliamentarian for this organization (or a member), I would respectfully submit to the organization's interpretation (even if I may disagree with it) and view it as a more fruitful use of my time to suggest amendments to clarify the meaning of the bylaws, rather than continuing to argue over the meaning of ambiguous rules. You are free to pass this advice along, to the extent you think it will be of assistance.

-Josh Martin, PRP
[Quoted text hidden]

EXHIBIT 53