**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**LIBERTARIAN NATIONAL
COMMITTEE, INC.,**

       *Plaintiff,*

*v.*

**MIKE SALIBA, RAFAEL WOLF,
GREG STEMPFLE, ANGELA
THORNTON-CANNY, JAMI
VAN ALSTINE, MARY
BUZUMA, DAVID CANNY,
and JOSEPH BRUNGARDT,**

       *Defendants.*

Case No. 23-cv-11074

Hon. Judith E. Levy

**DEFENDANTS' ANSWER
AND AFFIRMATIVE
DEFENSES**

## ANSWER TO COMPLAINT

The defendants respond to the allegations in each corresponding paragraph

of the LNC's complaint (ECF No. 1) as follows:

    1.    Admitted.

    2.    Admitted.

    3.    Admitted.

    4.    Admitted.

    5.    Admitted.

6.     The defendants admit the allegations in paragraph 6 to the extent they refer to an individual with the legal name of Angela Thornton. The defendants deny that "Thornton Canny" is that individual's legal surname.

7.     Admitted.

8.     Admitted.

9.     Admitted.

10.     The defendants admit only so much of paragraph 10 that alleges that Mr. Brungardt resides in Michigan. The defendants deny the remaining allegations in paragraph 10 as untrue.

11.     Admitted.

12.     Admitted.

13.     Admitted.

14.     The defendants admit only the first three sentences of paragraph 14. The defendants deny the remaining allegations in paragraph 14 as untrue. By way of further answer, defendants assert that defendants Saliba, Wolf, Thornton, Van Alstine, Stempfle, and Brungardt are members of the LPMEC, and that the LNC has no authority to determine otherwise.

15.     Admitted, except to the extent the plaintiff intends to imply through the allegations in paragraph 15 that defendants Saliba, Wolf, Thornton, Van Alstine,

Stempfle, and Brungardt are not members of the LPMEC. Any such implied allegation is denied as untrue.

16.    The defendants admit that they claim the positions stated in paragraph 16, but deny that those claims are illegitimate and deny that the LNC has the authority to resolve governance disputes within its state-level affiliates. The defendants further deny the allegations that LPWM and the LPGC are not local affiliates of LPM and that the officers of those organizations are not authorized to use the LNC's marks.

17.    Admitted.

18.    The defendants neither admit nor deny the allegations contained in paragraph 18, having insufficient knowledge or information upon which to form a belief, and therefore leave plaintiff to its proofs.

19.    The defendants neither admit nor deny the allegations contained in paragraph 19, having insufficient knowledge or information upon which to form a belief, and therefore leave plaintiff to its proofs.

20.    Admitted.

21.    The defendants admit that they claim the positions stated in paragraph 16 of the complaint, but deny that those claims are illegitimate and deny that the LNC has the authority to resolve governance disputes within its state-level affiliates.

22.    The defendants admit that they are in receipt of the letter attached as Exhibit 6 to the complaint and assert that the letter speaks for itself. Any remaining allegations in paragraph 22 are denied as untrue.

23.    The defendants admit that they are in receipt of the letter attached as Exhibit 8 to the complaint and assert that the letter speaks for itself.

24.    The defendants admit that Mr. Brungardt did not add Mr. Chadderdon as an authorized signer on LPMEC's deposit accounts with Comerica Bank and admits that in or about late January Mr. Brungardt claimed to be the LPMEC Chair based on his election to that position at the LPM's July convention. The defendants further admit that Mr. Brungardt added Mr. Saliba and Ms. Thornton as signers to the Comerica deposit accounts, and that on or about March 22 the assets in the account were frozen due to Mr. Chadderdon's competing claim to be the chair of the LPMEC. The defendants further admit that Comerica Bank issued a cashier check to Mr. Chadderdon, but later placed a stop-payment on that check and filed an interpleader action regarding the disputed funds. The defendants deny the remainder of the allegations in paragraph 24 as untrue.

25.    The defendants admit that defendant Thornton filed the document attached as Exhibit 9 to the complaint with the Michigan Bureau of Elections and assert that that document speaks for itself.

26.     The defendants admit that defendant Thornton filed the document attached as Exhibit 11 to the complaint with the FEC. Any remaining allegations in paragraph 26 are denied as untrue.

27.     Defendants admit that on February 3, 2023, defendant Wolf registered the michiganlp.net website. They further admit that defendant Saliba has contacted DomainIT and to indicate that Mr. Chadderdon is not the rightfully elected chair of the LPM, and they also admit that defendants Saliba, Wolf, Thornton, Van Alstine, Stempfle, and Brungardt are members of the LPMEC, which authorized or otherwise supports these actions.   The defendants deny that their actions were deceptive or unlawful. Further, defendants neither admit nor deny the remaining allegations contained in paragraph 27, having insufficient knowledge or information upon which to form a belief, and therefore leave plaintiff to its proofs.

28.     The defendants admit that defendant Wolf filed the document attached as Exhibit 14 to the complaint with LARA, and assert that that document speaks for itself. The defendants further admit that defendants Saliba, Wolf, Thornton, Van Alstine, Stempfle, and Brungardt are members of the LPMEC, which authorized or otherwise supported the filing.

29.     The defendants admit that the LNC sent the email attached as Exhibit 15 to the complaint and assert that that document speaks for itself. Any remaining allegations in paragraph 29 are denied as untrue.

30.     The defendants admit that defendant Van Alstine sent the email attached as Exhibit 16 to LPM members, and further admit that defendants Van Alstine, Saliba, and Brungardt have sent other emails to LPM members in their capacity as officers of the LPMEC. The defendants deny any remaining allegations ins paragraph 30 as untrue.

31.     Defendants admit that defendant Van Alstine set up the Twitter account shown in Exhibit 17 to the complaint. The remaining allegations in paragraph 31 are denied as untrue.

32.     Defendants admit that defendants Saliba and Van Alstine have advertised and/or sent communications to LPM members regarding party events, including LPM's convention in Lansing on April 1, 2023. Defendants further admit that the other defendants are members of the LPMEC, which approved or otherwise supports these actions.

33.     The defendants admit that Exhibit 18 to the complaint is posted on the michiganlp.net website and assert that Exhibit 18 speaks for itself.

34.     Defendants admit that defendant Thornton has solicited and received payment of membership dues in her role as treasurer of the LPMEC, and that defendant Van Alstine as solicited such payments in her role as secretary. Defendants further admit that defendants Saliba, Wolf, Thornton, Van Alstine, Stempfle, and

Brungardt are members of the LPMEC, which approved or otherwise supports these actions. The defendants deny the remaining allegations in paragraph 34 as untrue.

35.    The defendants admit defendant Saliba posted the image on the first page of Exhibit 20 of the complaint (ECF No. 1-29, Page ID.111) on social media. The defendants further admit that defendant Canny posted the "Holy Quest" post shown on the second page of Exhibit 20 of the complaint (ECF No. 1-29, Page ID.112), but further state that the post described the actions of Jonathon Jacobs, Andrew Chadderdon, and Andrew Chadderdon's supporters as a "Holy Quest", not those of the LNC. The defendants assert that the remaining allegations in paragraph 35 either: (1) are not allegations relating any of the defendants' conduct; or (2) are untrue, and are therefore denied.

36.    The defendants neither admit nor deny the allegations contained in paragraph 36, having insufficient knowledge or information about what plaintiff "anticipates," and therefore leave plaintiff to its proofs.

37.    The defendants deny that LPGC is a "formerly recognized affiliate" of LPM, but otherwise admit the allegations in paragraph 37.

38.    The defendants admit that defendant Canny currently operates the LPGC Facebook page, but deny as untrue the allegation that he did so at the time the complaint was filed. The defendants further deny as untrue the allegation that LPGC's use of the LNC's trademarks is without authorization.

39. The defendants deny the allegations in paragraph 39 as untrue. By way of further answer, the defendants admit that defendant Canny is a member of the LPGC board, which supports the use of the LPGC bank account to assist the LPM executive committee in its fundraising efforts.

40. The defendants deny that LPWM is a "formerly recognized affiliate" of LPM, but otherwise admit the allegations in paragraph 40.

41. The defendants deny the allegations in paragraph 41 as untrue.

42. Defendants restate herein and incorporate by reference all of the above paragraphs.

43. The defendants neither admit nor deny the allegations contained in paragraph 43, having insufficient knowledge or information upon which to form a belief, and therefore leave plaintiff to its proofs.

44. The defendants neither admit nor deny the allegations contained in paragraph 44, having insufficient knowledge or information upon which to form a belief, and therefore leave plaintiff to its proofs.

45. The defendants neither admit nor deny the allegations contained in paragraph 45, having insufficient knowledge or information upon which to form a belief, and therefore leave plaintiff to its proofs.

46. Denied as untrue.

47.     Defendants deny that any use of the phrase "Libertarian Party" or the torch eagle logo infringes plaintiff's trademarks.

48.     Paragraph 48 states a legal conclusion for which no response is required. To the extent paragraph 48 requires a response, defendants deny the allegations therein.

49.     Denied as untrue.

50.     Denied as untrue.

51.     Denied as untrue.

52.     Denied as untrue.

53.     Paragraph 53 states a legal conclusion for which no response is required. To the extent paragraph 53 requires a response, defendants deny the allegations therein.

54.     Paragraph 54 states a legal conclusion for which no response is required. To the extent paragraph 54 requires a response, defendants deny the allegations therein.

55.     Denied as untrue.

56.     Paragraph 56 states a legal conclusion for which no response is required. To the extent paragraph 56 requires a response, defendants deny the allegations therein.

57.    Paragraph 57 states a legal conclusion for which no response is required. To the extent paragraph 57 requires a response, defendants deny the allegations therein.

58.    Paragraph 58 states a legal conclusion for which no response is required. To the extent paragraph 58 requires a response, defendants deny the allegations therein.

59.    Paragraph 59 states a legal conclusion for which no response is required. To the extent paragraph 59 requires a response, defendants deny the allegations therein.

60.    Defendants restate herein and incorporate by reference all of the above paragraphs.

61.    Denied as untrue.

62.    Denied as untrue.

63.    Paragraph 63 states a legal conclusion for which no response is required. To the extent paragraph 63 requires a response, defendants deny the allegations therein.

64.    Paragraph 64 states a legal conclusion for which no response is required. To the extent paragraph 64 requires a response, defendants deny the allegations therein.

65.     Paragraph 65 states a legal conclusion for which no response is required. To the extent paragraph 65 requires a response, defendants deny the allegations therein.

66.     Paragraph 66 states a legal conclusion for which no response is required. To the extent paragraph 66 requires a response, defendants deny the allegations therein.

67.     Paragraph 67 states a legal conclusion for which no response is required. To the extent paragraph 67 requires a response, defendants deny the allegations therein.

68.     Paragraph 68 states a legal conclusion for which no response is required. To the extent paragraph 68 requires a response, defendants deny the allegations therein.

69.     Paragraph 69 states a legal conclusion for which no response is required. To the extent paragraph 69 requires a response, defendants deny the allegations therein.

70.     Paragraph 70 states a legal conclusion for which no response is required. To the extent paragraph 70 requires a response, defendants deny the allegations therein.

71.     Paragraph 71 states a legal conclusion for which no response is required. To the extent paragraph 71 requires a response, defendants deny the allegations therein.

72.     Paragraph 72 states a legal conclusion for which no response is required. To the extent paragraph 72 requires a response, defendants deny the allegations therein.

73.     Paragraph 73 states a legal conclusion for which no response is required. To the extent paragraph 73 requires a response, defendants deny the allegations therein.

74.     Paragraph 74 states a legal conclusion for which no response is required. To the extent paragraph 74 requires a response, defendants deny the allegations therein.

75.     Defendants restate herein and incorporate by reference all of the above paragraphs.

76.     Denied as untrue.

77.     Denied as untrue.

78.     Denied as untrue.

79.     Paragraph 79 states a legal conclusion for which no response is required. To the extent paragraph 79 requires a response, defendants deny the allegations therein.

80. Paragraph 80 states a legal conclusion for which no response is required. To the extent paragraph 80 requires a response, defendants deny the allegations therein.

81. Paragraph 81 states a legal conclusion for which no response is required. To the extent paragraph 81 requires a response, defendants deny the allegations therein.

82. Paragraph 82 states a legal conclusion for which no response is required. To the extent paragraph 82 requires a response, defendants deny the allegations therein.

83. Paragraph 83 states a legal conclusion for which no response is required. To the extent paragraph 83 requires a response, defendants deny the allegations therein.

84. Paragraph 84 states a legal conclusion for which no response is required. To the extent paragraph 84 requires a response, defendants deny the allegations therein.

85. Paragraph 85 states a legal conclusion for which no response is required. To the extent paragraph 85 requires a response, defendants deny the allegations therein.

86.     Paragraph 86 states a legal conclusion for which no response is required. To the extent paragraph 86 requires a response, defendants deny the allegations therein.

87.     Paragraph 87 states a legal conclusion for which no response is required. To the extent paragraph 87 requires a response, defendants deny the allegations therein.

88.     Paragraph 88 states a legal conclusion for which no response is required. To the extent paragraph 88 requires a response, defendants deny the allegations therein.

89.     Paragraph 89 states a legal conclusion for which no response is required. To the extent paragraph 89 requires a response, defendants deny the allegations therein.

90.     Defendants restate herein and incorporate by reference all of the above paragraphs.

91.     Paragraph 91 states a legal conclusion for which no response is required. To the extent paragraph 91 requires a response, defendants deny the allegations therein.

92.     Paragraph 92 states a legal conclusion for which no response is required. To the extent paragraph 92 requires a response, defendants deny the allegations therein.

93.     Paragraph 93 states a legal conclusion for which no response is required. To the extent paragraph 93 requires a response, defendants deny the allegations therein.

94.     Paragraph 94 states a legal conclusion for which no response is required. To the extent paragraph 94 requires a response, defendants deny the allegations therein.

95.     Paragraph 95 states a legal conclusion for which no response is required. To the extent paragraph 95 requires a response, defendants deny the allegations therein.

DATED:  July 31, 2023                 Respectfully submitted,

                                      By: /s/ *C. Nicholas Curcio*
                                      C. Nicholas Curcio
                                      CURCIO LAW FIRM, PLC
                                      16905 Birchview Drive
                                      Nunica, MI 49448
                                      Telephone: (616) 430-2201

                                      ncurcio@curciofirm.com

## AFFIRMATIVE DEFENSES

The defendants assert the following affirmative defenses:

1.     The plaintiff's complaint fails to state a claim upon which relief can be granted.

2.     The defendants' alleged conduct is political rather than commercial in nature and is therefore protected by the First Amendment and outside the scope of the Lanham Act.

3.     The defendants have a contractual right to use the plaintiff's trademarks under the terms of the Libertarian Party Bylaws (ECF. No 1-14) because they are members of the LPM and/or of one its authorized sub-affiliates, and because the LNC lacks the power of constructive disaffiliation.

4.     The defendants' use of the "Libertarian Party" trademark is protected under the doctrine of fair use because the phrase "libertarian party" merely describes the ideology of the party.

5.     The plaintiff's claimed "Libertarian Party" trademark has become a generic term and has lost its distinctiveness as a source identifier due to plaintiff's historic policy or practice of non-enforcement.

6.     The LPM used the trademark "Libertarian Party" in Michigan before the plaintiff's date of first use, thereby establishing superior rights.

7.     The plaintiff has engaged in wrongful conduct related to the trademarks by interfering with the autonomy of a state affiliated party, in violation of the Libertarian Party Bylaws, thereby making the plaintiff ineligible for equitable relief.

8.     The LPM, of which the defendants are members, independently created the allegedly infringing "Libertarian Party of Michigan" mark without any intent to infringe plaintiff's trademark.

9.     Defendants reserve the right to supplement and amend their Affirmative Defenses if additional defenses are revealed during the course of discovery.

DATED:  July 31, 2023              Respectfully submitted,

By: /s/ *C. Nicholas Curcio*
C. Nicholas Curcio
CURCIO LAW FIRM, PLC
16905 Birchview Drive
Nunica, MI 49448
Telephone: (616) 430-2201

ncurcio@curciofirm.com