IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LIBERTARIAN NATIONAL COMMITTEE, INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>**MIKE SALIBA, RAFAEL WOLF, GREG STEMPFLE, ANGELA THORNTON-CANNY, JAMI VAN ALSTINE, MARY BUZUMA, DAVID CANNY, and JOSEPH BRUNGARDT,**<br><br>*Defendants.* | Case No. 23-cv-11074<br><br>Hon. Judith E. Levy<br>United States District Judge<br><br>Mag. Judge Elizabeth A. Stafford |

### DEFENDANTS' MOTION TO STAY PENDING APPEAL

Pursuant to Federal Rule of Appellate Procedure 8, Defendants Michael J. Saliba, Rafael Wolf, Greg Stempfle, Angela Thornton-Canny, Jami Van Alstine, Mary Buzuma, David Canny, Joseph Brungardt (collectively, "Defendants"), respectively move the Court for a stay of this Court's August 24, 2023 Order (ECF No. 21) pending appeal to the United States Court of Appeals for the Sixth Circuit. The basis for Defendants' motion is set forth in the attached Brief. Undersigned counsel for Defendants has conferred with counsel for Plaintiffs, who indicated that Plaintiffs oppose Defendants' motion.

Dated: September 19, 2023                    Respectfully submitted,

/s/ *C. Nicholas Curcio*
C. Nicholas Curcio
CURCIO LAW FIRM, PLC
16905 Birchview Drive
Nuncia, Michigan 49448
(616) 430-2201
ncurcio@curciofirm.com

/s *Lena Shapiro*
Lena Shapiro
Director, First Amendment Clinic
University of Illinois College of Law
504 E. Pennsylvania Ave.
Champaign, IL 61820
Telephone: (217) 333-4333
Shapiro7@illinois.edu

*Attorneys for Defendants*

2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LIBERTARIAN NATIONAL COMMITTEE, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> MIKE SALIBA, RAFAEL WOLF, GREG STEMPFLE, ANGELA THORNTON-CANNY, JAMI VAN ALSTINE, MARY BUZUMA, DAVID CANNY, and JOSEPH BRUNGARDT, <br><br> *Defendants.* | Case No. 23-cv-11074 <br><br> Hon. Judith E. Levy <br> United States District Judge <br><br> Mag. Judge Elizabeth A. Stafford |

DEFENDANTS' BRIEF IN SUPPORT OF
MOTION TO STAY PENDING APPEAL

## ISSUE PRESENTED

1. Whether this Court should stay enforcement of its Preliminary Injunction Order dated August 24, 2023 (ECF No. 21) pending appeal where enforcing the mandatory injunction would irreparably damage the Defendants by stripping them of their political identity in the midst of a contentious intra-party governance dispute.

| | |
|---|---|
| Plaintiff answers: | No |
| Defendants answer: | Yes |
| This Court should answer: | Yes |

## CONTROLLING AND MOST APPROPRIATE AUTHORITIES

Fed. R. Civ. P. 62(d)

*Hilton v. Braunskill*,
    481 U.S. 770 (1987)

*Coal. to Defend Affirmative Action v. Granholm*,
    473 F.3d 237 (6th Cir. 2006).

*Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog*,
    945 F.2d 150 (6th Cir. 1991)

*Buckley v. Valeo*,
    424 U.S. 1 (1976)

## INTRODUCTION

Defendants respectfully request this Court to stay, pending appeal, this Court's August 24, 2023 Order (ECF No. 21), which granted Plaintiff's motion for a preliminary injunction. The enforcement of this preliminary injunction will lead to suppression of significant political discourse precisely when the Defendants, actively involved in the Libertarian Party, are engaged in fundraising and campaigning for upcoming general elections. Depriving them of the ability to use the term "Libertarian Party" will have adverse consequences on the Defendants' support base, fundraising efforts, and their fundamental political affiliations.

## ARGUMENT

This Court should stay enforcement of its August 24, 2023 Order (ECF No. 21) to prevent Defendants from irreparable injury while the Sixth Circuit Court of Appeals resolves important First Amendment issues relating to political speech and issues relating to Defendants' rights under the Libertarian Party's Bylaws. A motion for stay of an injunction pending appeal is governed by Fed. R. Civ. P. 62(d):

> (d) Injunction Pending an Appeal. While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights.

Courts consider four factors in assessing the propriety of granting a motion for stay pending appeal: (1) the movant's likelihood of prevailing on the merits of the

appeal, (2) whether the movant will suffer irreparable damage absent a stay, (3) the harm that other parties will suffer if a stay is granted, and (4) the public interest. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Coal. to Defend Affirmative Action v. Granholm*, 473 F.3d 237, 244 (6th Cir. 2006).

The Sixth Circuit directs that, "[a]ll four factors are not prerequisites but are interconnected considerations that must be balanced together." *Id.* (citing *Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)). Irreparable harm requires more than mere monetary harm for a motion to stay. *Sampson v. Murray*, 415 U.S. 61, 90 (1974). In evaluating irreparable harm, courts generally look to three factors: (1) the substantiality of the injury alleged; (2) the likelihood of its occurrence; and (3) the adequacy of the proof provided. *Griepentrog*, 945 F.2d at 154.

While the movant is always required to demonstrate more than the mere "possibility" of success on the merits, the probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiffs will suffer absent the stay. *See id.* at 153-54 (finding that "more of one [factor] excuses less of the other."). The substantiality of Defendants' arguments on appeal, together with the balance of hardships, weigh heavily in favor of granting a stay pending appellate review. Like their local counterparts in the Democratic and Republican parties, Defendants are in the midst of preparing for national elections. A successful

– 2 –

campaign requires fundraising, and a preliminary injunction that bars Defendants from using the Libertarian Party name, including through the use of Defendants' website, would greatly hamper the political speech of Defendants and their political supporters. *Buckley v. Valeo*, 424 U.S. 1, 14 (1976) (finding that the solicitation of contributions to political campaigns is among "the most fundamental First Amendment activities").

In addition to striking a blow to Defendants' fundraising efforts, the preliminary injunction strips Defendants of their identity and supporters. The Libertarian Party of Michigan has been the Michigan affiliate of the national Libertarian Party since it was formed in 1972. *See* Plaintiff's Reply to Defendants' Response to Plaintiff's Motion for Preliminary Injunction, Exhibit 42 – Declaration of Angela McArdle, Para. 4. Defendants built support among Libertarian Party members after years of service and advocacy in Michigan and continue to do so amidst the ongoing governance dispute. Loss of the name "the Libertarian Party of Michigan" would mean a loss of their ability to express their political beliefs.

Defendants' appeal will raise substantial arguments with regard to whether commercial and political speech are mutually exclusive in the trademark context, and whether the Lanham Act applies to political speech. During the hearing on August 23, this Court acknowledged that the Sixth Circuit has not addressed these issues and observed that "maybe this will be the case." *See* ECF No. 22, Page I.D. 1159. The

appeal will also address the important question of whether the Libertarian National Committee has the power to revoke members' rights to use the name "Libertarian Party" without following the formal disaffiliation process set forth in the Libertarian Party Bylaws.

The remaining equitable factors also weigh heavily in favor of a stay. Irreparable harm, in the form of lost fundraising revenue, political support and identity, would be substantial if this preliminary injunction order is implemented. The balance of hardships and the public interest, accordingly, also tip in favor of a stay.

Defendants recognize that this Court has rejected their arguments. Accordingly, Defendants refrain from reiterating each of their arguments in detail here, and instead incorporate their previously-filed opposition to the preliminary injunction motion by reference. *See* Defendants' Response to Motion for Preliminary Injunction, ECF No. 16. Defendants respectfully submit, however, that the issues are serious and that the Court should issue a stay pending appeal to preserve the status quo while the Court of Appeals considers these issues.

For all of these reasons, Defendants respectfully request that this Court stay its preliminary injunction in this case pending appeal.

– 5 –

Date: September 19, 2023

By: /s/ *C. Nicholas Curcio*
C. Nicholas Curcio
CURCIO LAW FIRM, PLC
16905 Birchview Drive
Nunica, MI 49448
Telephone: (616) 430-2201
ncurcio@curciofirm.com

/s *Lena Shapiro*
Lena Shapiro
Director, First Amendment Clinic
University of Illinois College of Law
504 E. Pennsylvania Ave.
Champaign, IL 61820
Telephone: (217) 333-4333
Shapiro7@illinois.edu

*Attorneys for Defendants*