IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| LIBERTARIAN NATIONAL COMMITTEE, INC. | |
| Plaintiff, | |
| v. | CIVIL ACTION NO.: |
| MIKE SALIBA, et. al. | 23-cv-11074 |
| Defendants. | Hon. Judith E. Levy |

## JOINT DISCOVERY PLAN

Pursuant to Fed. R. Civ. Pro. 26(f) and Minute Order entered August 24, 2023, the Plaintiff Libertarian National Committee, Inc. as well as Defendants Mike Saliba, et. al., by and through their respective undersigned counsel, submit the following Discovery Plan:

1. Rule 26(f)(3)(A): Pre-Discovery Disclosures. The parties will exchange the information required by Fed. R. Civ. P. 26(a)(1) by October 16, 2023. No changes should be made in the form or requirement.

2. Rule 26(f)(3(B) and Rule 26(f)(3)(E): Discovery Plan. The parties jointly propose to the Court the following discovery plan, having agree on all matters except for the point of disagreement expressly noted below:

    a.   Discovery will be needed on the following subjects:

(1) Plaintiff's allegations regarding its claims as set forth in the Complaint;

(2) The alleged damages sought by Plaintiff;

(3) Defendant's affirmative defenses as set forth in the Answer and any other defenses that may become applicable during discovery;

(4) all other issues raised by the pleadings;

(5) any expert disclosures;

(6) all other matters that will reasonably lead to the discovery of admissible evidence.

b. The parties disagree on the deadlines for completion of discovery (general and expert), with proposed dates as follows:

**Plaintiff:** Fact Discovery Served by **November 30, 2023**

Discovery Completed by **January 31, 2024**

**Defendants:** Fact Discovery Served by **January 15, 2024**

Discovery Completed by **March 1, 2024**

Plaintiff proposes a shorter discovery period so that trial does not fall close to the 2024 general election, which Plaintiff asserts would be disruptive to its operations.

Defendants believe that Plaintiff's proposed dates overly compress the discovery period and asserts that Plaintiff has not sufficiently explained how trial occurring in October 2024 or sometime thereafter would be disruptive.

Both parties agree that requests to admit the authenticity of documents (if necessary), may be served no later than 15 days prior to the Final Pretrial Conference, in which event responses shall be due within 10 days of serving the Requests.

    c.    Unless by subsequent agreement of the parties or leave of Court, the parties agree as follows:

    (1)    The parties agree to limit Requests for Admissions to 25 per party (excluding requests for admissions as to the authenticity of documents). Notwithstanding the forgoing, Plaintiff may submit an additional 5 Requests for Admission per Defendant for any Requests that are not applicable to all of the Defendants. The parties do not wish to further limit or expand discovery beyond the limits imposed pursuant to the Federal Rules of Civil Procedure.

    (2)    Reports from retained experts under Rule 26(a)(2) due:

    (a)    From the party with the burden of proof, by **November 1, 2023.**

  (b) The parties disagree regarding the deadline for expert reports for the party without the burden of proof, for the same reasons as noted above, and individually propose the following:

  **Plaintiff:**  **November 15, 2023**

  **Defendants:**  **January 15, 2024**

  (c) The parties disagree regarding the deadline for rebuttal expert reports, for the same reasons stated above, and individually propose the following:

  **Plaintiff:**  **December 15, 2023**

  **Defendants:**  **March 1, 2024.**

  The parties do not propose to change the form or requirement for disclosures under Rule 26(a)(2).

 d. Supplementations of reports or information shall be made by all parties reasonably as they become aware that information previously disclosed is incomplete or incorrect, and in any event, not later than the end of the discovery period and again thirty (30) days before the beginning of the session of Court at which the case is set for trial, in conjunction with the other disclosures required by Rule 26(a)(3).

 e. Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including

procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production:

 (1) The parties agree that the inadvertent production of privileged information does not waive or otherwise compromise any applicable privilege or preclude the party from asserting privilege claims after production. The party recalling an inadvertent production shall request in writing the return or destruction of such information and shall, within 10 calendar days of its request, produce a privilege log disclosing all applicable assertions of privilege for the recalled production.

Upon receipt of the written request, the recipient party shall comply with the producing party's request to cease review of the inadvertent production and return or destroy the inadvertent production, regardless of whether the recipient party intends to file a motion to compel production of the recalled production, in whole or in part.

 3. <u>Rule 26(f)(3)(C): Electronically Stored Information.</u> The parties have discussed certain anticipated issues relating to the disclosure or discovery of electronically stored information and report to the Court the following:

 a. Form of production/preservation: Electronically-stored information, including but not limited to electronic mail ("e-mail"), spreadsheets, accounting data, and word processing files, shall be produced in PDF format

to the extent reasonable or in any other format agreed upon at the time of production which allows such files to be properly accessed. Production of such information shall otherwise be in accordance with Rule 34(b). If any responsive electronically-stored information is not reasonably accessible, i.e., is only accessible by incurring undue burdens or costs, the parties will meet and confer before bringing any such issue to the Court's attention.

4. <u>Rule 26(f)(3)(D): Confidential and Proprietary Information.</u> All documents in which privilege is claimed must be listed in a privilege log. No documents created by counsel or created after the filing date need to be logged.

5. <u>Rule 26(f)(3)(F): Other Orders that Court Should Issue.</u> None.

6. <u>Service and Filing.</u> Service and filing of pleadings in this case shall adhere to the United States District Court for the Eastern District of Michigan Electronic Case Filing policies and procedures. The parties agree that service of notices of depositions, discovery requests, and other papers not filed with the Clerk of Court will be accepted by e-mail and that service is complete upon and on the day of transmission.

7. <u>Mediation.</u> Settlement may be enhanced by the use of mediation. Upon agreement, the parties may apply to the Court for a settlement conference. Moreover, the parties are scheduled to participate a Zoom mediation on October

20, 2023, as required by the Sixth Circuit as part of the pending appeal of this Court's preliminary injunction.

8. Other Items:

    a. The parties do not consent to trial before a Magistrate Judge.

    b. The Parties shall be allowed until **October 31, 2023**, to join additional parties and/or to amend the pleadings. After these dates, the court will consider, *inter alia*, whether the granting of leave would delay trial.

    c. The parties disagree regarding the filing deadline for potentially dispositive motions and individually propose as follows:

        **Plaintiff:**         **February 29, 2023**

        **Defendants:**        **August 15, 2024**

Plaintiff proposes an earlier deadline in light of its position that trial should occur well before the November 2024 general election.

Defendants propose a later deadline because they believe it would be inefficient for dispositive motions to be filed before the Sixth Circuit rules on the pending appeal from the preliminary injunction motion. There will likely be substantial overlap between issues in the appeal and the issues raised in dispositive motions. Further, Defendants intend to move to expedite proceedings in the

Sixth Circuit in the hopes of ensuring a decision will be issued in the spring of 2023. As a final consideration, Defendants request that dispositive motions be due in mid-August, rather than in the summer, because the students in the University of Illinois College of Law's First Amendment Clinic (who are providing *pro bono* representation to the Defendants) are not available to work on motions during the summer months.

d. The parties disagree as to when this case should be ready for trial and individually propose as follows:

> **Plaintiff:** April 1, 2024
>
> **Defendants:** October 1, 2024

Trial is expected to take approximately 3 days. A jury trial has been demanded.

e. The case does not need early judicial intervention due to its complexity or other factors.

f. All parties reserve the right to move for a protective order with regard to any subject of discovery, including but not limited to the subjects listed above.

Dated: September 25, 2023

Respectfully submitted,

_____
**Joseph J. Zito**
DNL Zito Castellano
1250 Connecticut Ave., suite 700
Washington, D.C., 20036
Telephone: 202-594-2055
jzito@dnlzito.com
loliveira@dnlzito.com
*Attorney for Plaintiff*

Oscar A. Rodriguez
Bruce T. Wallace
Hooper Hathaway
126 S. Main Street
Ann Arbor, MI 48104
Telephone:734-662-4426
orod@hooperhathaway.com
*Local counsel for Plaintiff*


_____
**C. Nicholas Curcio**
Curcio Law Firm PLC
16905 Birchview Drive
Nunica, MI 49448
Telephone: (616) 430-2201
ncurcio@curciofirm.com

Lena Shapiro
Director, First Amendment Clinic
University of Illinois College of Law
504 E. Pennsylvania Ave.
Champaign, IL 61820
Telephone: (217) 333-4333
Shapiro7@illinois.edu

*Attorneys for Defendants*