# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Libertarian National Committee, Inc.,

        Plaintiff,

v.

Michael J. Saliba, *et al.*,

        Defendants.

_____/

Case No. 23-cv-11074

Judith E. Levy
United States District Judge

Mag. Judge Elizabeth A. Stafford

## OPINION AND ORDER DENYING DEFENDANTS' MOTION TO STAY PENDING APPEAL [25]

On August 24, 2023, the Court granted Plaintiff's motion for preliminary injunction, enjoining Defendants from using the Plaintiff's federally registered "Libertarian Party" Trademark. (ECF No. 21.) Defendants appeal this decision to the Sixth Circuit. (ECF No. 24.) Now before the Court is Defendants' motion to stay the preliminary injunction pending appeal to the Sixth Circuit. (ECF No. 25.)

For the reasons set forth below, Defendants' motion is denied.

## I. Legal Standard

Under Federal Rule of Civil Procedure 62, district courts may stay preliminary injunctions pending an appeal. Fed. R. Civ. P. 62(d). When considering whether a stay should be granted, courts utilize the same four factors considered for preliminary injunctions:

> (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay.

*Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991).

Consideration of a motion to stay requires that the probability of success must be balanced with the amount of irreparable injury suffered absent the stay. *Id.* at 153. "[M]ore of one excuses less of the other." *Id.* However, "the movant is always required to demonstrate more than the mere 'possibility' of success on the merits." *Id.* "[E]ven if a movant can demonstrate irreparable harm, he is still required to show, at a minimum, serious questions going to the merits." *Antonio v. Garland*, 38 F.4th 524, 526 (6th Cir. 2022) (internal quotation marks omitted) (quoting *Michigan Coal. of Radioactive Material Users, Inc.*,

2

945 F.2d at 153–54)). Additionally, the movant must demonstrate that the irreparable harm they will experience absent a stay would "decidedly outweigh the harm that will be inflicted on others if a stay is granted." *Baker v. Adams Cnty./Ohio Valley Sch. Bd.*, 310 F.3d 927, 928 (6th Cir. 2002).

## II. Analysis

### A. The Likelihood That the Party Seeking the Stay Will Prevail on the Merits of the Appeal

Defendants' appeal raises several issues: "whether commercial and political speech are mutually exclusive in the trademark context," "whether the Lanham Act applies to political speech," and "whether the Libertarian National Committee has the power to revoke members' rights to use the name 'Libertarian Party' without following the formal disaffiliation process set forth in the Libertarian Party Bylaws." (ECF No. 25, PageID.1175–1176.) Defendants argue that they have "substantial arguments" for their position on these issues. (*Id.* at PageID.1175.) Additionally, they note that the Court "acknowledged that the Sixth Circuit has not addressed these issues and observed that 'maybe this will be the case.'" (*Id.*) Finally, Defendants state that their

motion to stay "incorporate[s] their previously-filed opposition to the preliminary injunction motion." (*Id.* at PageID.1176.)

Defendants do not argue that they are likely to prevail on the merits of the appeal; instead, they argue that there is a possibility that their appeal will be successful because the Sixth Circuit has not yet "explicitly ruled" on these questions. (ECF No. 31, PageID.1231.) The Court already determined that Plaintiff has a strong likelihood of success on its trademark infringement claim (s*ee* ECF No. 22, PageID.1157–1158), and Defendants provide no new showing to the contrary. As a result, Defendants have not demonstrated they are likely to succeed on the merits.

### B. The Irreparable Injury Suffered by Movant or by Others, and the Public Interest in Granting the Stay

Defendants assert that they will experience significant hardship without a stay. First, they argue that that the preliminary injunction "greatly hamper[s] the political speech of Defendants and their political supporters" through mediums such as their website. (ECF No. 25, PageID.1174–1175.) Defendants claim that their inability to use the Libertarian Party name is particularly harmful at this time due to the upcoming election, as it hampers their fundraising ability. (*Id.* at 1175.)

4

Second, Defendants argue that the preliminary injunction is causing "a loss of their ability to express their political beliefs" and damaging their political support. (*Id.*) Defendants state that they "cannot identify as members of the Libertarian Party without using the trademarked name," and that "[c]ore to this litigation is the right to identify as a 'Libertarian.'" (ECF No. 31, PageID.1230.) Finally, Defendants assert that "the balance of hardships and the public interest, accordingly, also tip in favor of a stay," but do not provide any details to support this claim. (ECF No. 25, PageID.1176.)

First, Defendants fail to demonstrate that the irreparable harm they would experience absent a stay would outweigh the harm inflicted on others if the stay was granted. *See Baker*, 310 F.3d at 928. The Court already found that Plaintiff would suffer irreparable harm without the preliminary injunction. (ECF No. 22, PageID.1160–1161.) Defendants do not address why their harm is greater.

Second, Defendants' claim that "lost fundraising revenue" is an irreparable harm is mistaken. "[P]otential monetary damage does not constitute irreparable harm." *Baker*, 310 F.3d at 930. Moreover, Plaintiff posted an injunction bond in the amount of $20,000. (ECF No.

5

21.) If Defendants prevail, they may recoup their lost fundraising revenue.

Finally, Defendants claim that they "cannot identify as members of the Libertarian Party without using [the trademark]" and that "[c]ore to this litigation is the right to identify as a 'Libertarian.'" (ECF No. 31, PageID.1230.)

Not so. The Preliminary Injunction enjoins Defendants from infringing on Plaintiff's Trademark. (ECF No. 21.) In order for infringement to occur, the infringer must "use[] the mark in commerce without authorization." *AWGI, LLC v. Atlas Trucking Co., LLC*, 998 F.3d 258, 264 (6th Cir. 2021). The core of this case is Defendants' alleged unauthorized use of the Libertarian Trademark "in connection with the sale, offering for sale, distribution, or advertising of any good or service." 15 U.S.C. § 1114(1)(a). These services "can include activities performed by a political party," *Washington State Republican Party v. Washington State Grange*, 676 F.3d 784, 795 (9th Cir. 2012), such as operating a website that utilizes the Trademark and solicits donations. (ECF No. 22, PageID.1158.) *See United We Stand Am., Inc. v. United We Stand, Am. New York, Inc.*, 128 F.3d 86, 90 (2d Cir. 1997).

6

Defendants are free to identify as Libertarians and voice their political opinions but may not engage in trademark infringement.

Defendants do not demonstrate that they will suffer irreparable injury without a stay. They also do not demonstrate that others would be harmed absent a stay, or that the public interest would be served by a stay.

### III. Conclusion

Both the probability of success on the merits, and the amount of irreparable harm suffered absent the stay, weigh against granting Defendants' motion to stay the preliminary injunction. Accordingly, Defendants' motion to stay is DENIED.

IT IS SO ORDERED.

Dated: October 13, 2023         s/Judith E. Levy
   Ann Arbor, Michigan        JUDITH E. LEVY
                                          United States District Judge

## CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 13, 2023.

                                                 s/Erica Parkin on behalf of
                                                 WILLIAM BARKHOLZ
                                                 Case Manager